**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHRISTIAN ZAMBRANO, LUZ DURANGO, MOIRA RIVEROS, and RIGOBERTO ROMERO, on behalf of themselves and all others similarly situated,

                Plaintiffs,

    v.

STRATEGIC DELIVERY SOLUTIONS, LLC, DAVID KRONICK, ANDREW KRONICK, and MIKE RUCCIO,

                Defendants.

Case No.: 15-cv-08410-ER

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND TO COMPEL ARBITRATION**

---

                                                  JASINSKI, P.C.
                                                  60 Park Place, 8th Floor
                                                  Newark, New Jersey 07102
                                                  Phone: (973) 824-9700
                                                  Fax: (973) 824-6061

                                                  *Attorneys for Defendants*
                                                  *Strategic Delivery Solutions, LLC,*
                                                  *David Kronick, Andrew Kronick*
                                                  *and Mike Ruccio*

Of Counsel:
    David F. Jasinski, Esq.

On the Brief:
    Jennifer C. Van Syckle, Esq.
    Peter P. Perla, Jr., Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

I. STANDARD OF REVIEW. .................................................................................................. 5

II. PLAINTIFFS DURANGO, ROMERO, RIVEROS, AND ZAMBRANO ARE REQUIRED TO ARBITRATE THEIR CLAIMS. ....................................................................................... 6

   A. Plaintiffs Durango, Romero and Riveros Entered Into Valid Agreements To Arbitrate The Claims At Issue On An Individual Basis. ........................................................................ 7

   B. Plaintiff Durango's, Romero's and Riveros' Claims Fall Within The Scope Of The Agreement's Arbitration Provision. ................................................................................... 8

   C. Plaintiff Zambrano's Claims Fall Within The Scope of Plaintiff Durango's Arbitration Provision. .......................................................................................................................... 10

III. PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ALSO MUST BE DISMISSED. ....................................................................................................................... 11

CONCLUSION ........................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*,
  170 F.3d 349 (2d Cir. 1999) ............................................................................................. 10

*American Express Co. v. Italian Colors Rest*,
  ___ U.S. ___, 133 S. Ct. 2304 (2013) .................................................................................. 6

*Arakawa v. Japan Network Group*,
  56 F. Supp. 2d 349 (S.D.N.Y. 1999) ..................................................................................... 8

*AT&T Mobility LLC v. Concepcion*,
  ___ U.S. ___, 131 S. Ct. 1740 (2011) .................................................................................. 6

*Bar-Ayal v. Time Warner Cable Inc.*,
  2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006) ...................................................................... 10

*Borsack v. Chalk & Vermilion Fine Arts, Ltd.*,
  974 F. Supp. 293 (S.D.N.Y. 1997) ............................................................................... 10, 11

*Chanchani v. Salomon/Smith Barney, Inc.*,
  2001 WL 204214 (S.D.N.Y. Mar. 1, 2001) ........................................................................... 8

*Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*,
  271 F.3d 403 (2d Cir. 2001) ............................................................................................... 14

*Conn. v. Physicians Health Servs. of Conn., Inc.*,
  287 F.3d 110 (2d Cir 2002) ................................................................................................ 11

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) .............................................................................................................. 7

*Green Tree Fin. Corp.-Ala. v. Randolph*,
  531 U.S. 79 (2000) ................................................................................................................ 7

*Greene v. Subcontracting Concepts, LLC*,
  2014 WL 1087999 (S.D.N.Y. March 19, 2014) .................................................................... 8

*In re Am. Express Fin. Advisors Sec. Litig.*,
  672 F.3d 113 (2d Cir. 2011) ................................................................................................. 7

*Kowalewski v. Samandarov*,
  590 F. Supp. 2d 477 (S.D.N.Y. 2008) ................................................................................... 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................ 11

*Metzler v. Harris Corp.*,
  2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) ......................................................................... 9

*Nayal v. HIP Network Servs. IPA, Inc.*,
  620 F. Supp. 2d 566 (S.D.N.Y. 2009) ................................................................................. 10

*Oldroyd v. Elmira Sav. Bank, FSB*,
  134 F.3d 72 (2d Cir. 1998) ................................................................................................... 6

*Ranieri v. Bell Atl. Mobile*,
  759 N.Y.S. 2d 448 (1st Dep't 2003) .................................................................................... 10

*Reid v. Supershuttle Int'l, Inc.*,
  2010 WL 1049613 (E.D.N.Y. Mar. 22, 2010) ................................................................ 8, 10

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010) .................................................................................................................. 7
*Rubin v. Sona Int'l Corp.*,
  457 F. Supp. 2d 191 (S.D.N.Y. 2006) .................................................................................... 5
*Shearson/American Express, Inc. v. McMahon*,
  482 U.S. 220 (1987) ................................................................................................................ 5
*Shetiwy v. Midland Credit Mgmt.*,
  959 F. Supp. 2d 469 (S.D.N.Y. 2013) ................................................................................ 5, 7
*Sinnett v. Friendly Ice Cream Corp.*,
  319 F. Supp. 2d 439 (S.D.N.Y. 2004) .................................................................................... 9
*Spear, Leeds & Kellogg v. Cent. Life Assurance Co.*,
  85 F.3d 21 (2d Cir. 1996) ..................................................................................................... 10
*Spencer-Franklin v. Citigroup/Citibank N.A.*,
  2007 WL 521295 (S.D.N.Y. Feb. 21, 2007) .......................................................................... 5
*Steele v. L.F. Rothschild & Co.*,
  701 F. Supp. 407 (S.D.N.Y. 1988) ......................................................................................... 9
*Sutherland v. Ernst & Young, LLP*,
  726 F.3d 290 (2nd Cir. 2013) .......................................................................................... 6, 10
*Tracy v. NVR, Inc.*,
  667 F. Supp. 2d 244 (W.D.N.Y. 2009) ........................................................................... 12, 13
*Vittengl v. Wurld Media, Inc.*,
  2007 WL 1063655 (N.D.N.Y. Apr. 5, 2007) ......................................................................... 5
*Xue Lian Lin v. Comprehensive Health Mgmt.*,
  2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) .......................................................................... 12

**Statutes**

29 U.S.C. §§ 201 ............................................................................................................................ 2
9 U.S.C. § 2 .................................................................................................................................... 6
9 U.S.C. § 3 .................................................................................................................................... 5
9 U.S.C. § 4 .................................................................................................................................... 5
N.Y. Lab. L. §§ 650 *et seq.*, ........................................................................................................... 2
NYLL §§ 191, 193 ......................................................................................................................... 2
NYLL §§ 195, 198 ......................................................................................................................... 2

**PRELIMINARY STATEMENT**

Defendants Strategic Delivery Solutions, LLC ("SDS"), David Kronick, Andrew Kronick and Mike Ruccio (collectively, "Defendants") bring this motion to dismiss this action and compel Plaintiffs Luz Durango, Rigoberto Romero and Moira Riveros to submit their claims to arbitration pursuant to the Independent Vendor Agreements for Transportation Services they executed. Plaintiffs Durango, Romero and Riveros agreed to: (a) submit to arbitration "any dispute, difference, question, or claim arising out of or in any way relating to [the] Agreement or the transportation services provided hereunder"; and (b) voluntarily waive their right to proceed with a class or collective action. Plaintiffs Durango, Romero and Riveros assert various causes of action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), all of which arise solely out of the services they provided pursuant to the Vendor Agreements for Transportation Services. As such, all of the Plaintiffs' asserted claims are arbitrable under the parties' agreements and Plaintiffs must be compelled to submit those claims to arbitration pursuant to same.

Defendants also move to dismiss the claims asserted herein by Plaintiff Christian Zambrano. In that light, Plaintiff Zambrano was not under contract with Defendants. Plaintiff Zambrano therefore asserts various causes of action under the FLSA and NYLL, all of which arise solely out of the services he would have provided pursuant to the Vendor Agreement for Transportation Services entered into by another vendor, such as Plaintiff Durango, and must be bound by the arbitration provision contained therein. Given the lack of any existing relationship with Defendants, Plaintiff Zambrano lacks standing to sue Defendants and this alternative basis warrants the dismissal of his claims.

1

Furthermore, the Complaint only contains conclusory allegations, based on information and belief, against the individual Defendants, David Kronick, Andrew Kronick and Mike Ruccio. Dismissal of the claims for a failure to state a claim must be granted based on the bare allegations pled.

## STATEMENT OF FACTS

On October 26, 2015, Plaintiffs filed their Class and Collective Action Complaint ("Complaint") bringing various causes of action under the Fair Labor Standards Act and the New York Labor Law on behalf of themselves and "former drivers, couriers and delivery drivers" who Plaintiffs contend "worked for SDS in New York." (*See* Compl., ¶¶ 1-7, 63). Specifically, Plaintiffs assert the following claims: FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.* (First Cause of Action); New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.2 (Second Cause of Action); New York Notice Violations, NYLL §§ 195, 198 (Third Cause of Action); and New York Unlawful Deductions and Untimely Payment of Wages, NYLL §§ 191, 193 (Fourth Cause of Action). (*See*, *generally* Compl.)

Plaintiffs Luz Durango, Rigoberto Romero and Moira Riveros individually executed an Independent Vendor Agreement for Transportation Services with SDS. The Independent Vendor Agreements for Transportation Services include arbitration provisions and class action waivers. (*See* Edick Decl. ¶¶ 2-4, Exs. "A", "B" and "C", ¶21, pp. 7-8.) ("Edick Decl." refers to the Declaration of Kimberly Edick submitted herewith.) The provision whereby Plaintiffs Durango, Romero and Riveros agreed to submit "any dispute, difference, question, or claim arising out of or in any way relating to [the] Agreement or the transportation services provided hereunder" to arbitration and waive any right to proceed on a class basis could not be more clear. In that regard, the provisions provide:

2

Arbitration and Waiver To Join A Class.

(a) Agreement to Arbitrate. The parties agree to comply and be bound by The Federal Arbitration Act. The parties agree that any dispute, difference, question, or claim arising out of or in any way relating to this Agreement or the transportation services provided hereunder shall be subject to binding arbitration in accordance with the Rules for Commercial Arbitration of the American Arbitration Association ("AAA") in effect at the time such arbitration is initiated. The parties agree that the issue of arbitrability shall be determined by the arbitrator applying the law of the state of residence of the Vendor. The parties shall bear their own costs including, without limitation, attorneys' fees, and shall each bear one half (1/2) of the fees and costs of the arbitrator. Any arbitration shall be conducted before a single arbitrator selected from a list of potential arbitrators provided by the AAA. The arbitrator shall be a former judge or have at least ten (10) years experience in either commercial business legal practice or representation of clients in the transportation industry. The hearing shall be conducted in the city in or closest to the location where the Vendor performs its transportation services under this Agreement, unless both parties consent to a different location. Nothing in this Agreement shall be construed as limiting or precluding the parties from bringing any action in any court of competent jurisdiction for injunctive or other extraordinary relief, in the event the arbitrator determines that it does not have jurisdiction to order such relief. The parties shall have the immediate right to seek such injunctive or other extraordinary relief at any time, including, without limitation, during the pendency of arbitration or other proceeding.

(b) Voluntary Waiver to Join a Class. Vendor hereby agrees that any arbitration, suit, action or other legal proceeding arising out of or in any way relating to this Agreement or the services provided hereunder shall be conducted and resolved on an individual basis only and not on a class-wide, multiple plaintiff, collective or similar basis unless mutually agreed to in writing by all interested parties. Vendor hereby voluntarily and expressly waives any right it may have to join any suit, action, arbitration, or other legal proceeding arising out of or in any way relating to this Agreement or the services provided hereunder on a class-wide, multiple plaintiff, collective or similar basis.

(*See* Edick Decl. ¶¶ 2-4, Exs. "A", "B" and "C", ¶20, p. 7.)

Thus, Plaintiffs Durango, Romero and Riveros cannot now feign ignorance to the binding nature of this language which precludes their filing and/or participating in a class/collective action before this Court.

As to Plaintiff Christian Zambrano, the Independent Vendor Agreement for Transportation Services of his wife, Plaintiff Luz Durango, states as follows:

> Neither Vendor nor Vendor's officers, directors, agents, subcontractors, substitute drivers, employees, helpers or servants ("Vendor Support Personnel") are to be considered employees of SDS at any time, under any circumstances or for any purpose. Vendor and SDS acknowledge and agree that SDS shall have no right to direct or control the manner, means, details or methods by which Vendor provides its services hereunder.
>
> Vendor (Luz Durango) shall be solely responsible for the direction and control of its Vendor Support Personnel, including selecting, hiring, firing, supervising, directing, servicing accepted pickups and deliveries, making payments for services rendered, withholding and paying applicable state and federal payroll taxes, providing worker's compensation insurance, paying worker's compensation and unemployment insurance premiums, setting wages, hours of work, and performance standards, regulatory compliance, assigning routes of travel, providing all necessary tools or assistance to safely accomplish the work, working conditions and handling any grievances with such Vendor Support Personnel. SDS shall not request Vendor to discontinue the use of Vendor Support Personnel utilized by Vendor to perform its obligations under this Agreement. This shall not prevent SDS from asserting that the actions of Vendor Support Personnel constitute a Material Breach by Vendor, as defined in Section 16 hereto.

(*See* Edick Decl. ¶ 2, Ex. "A", ¶1, p. 1.)

Plaintiff Zambrano was not under contract with Defendant SDS nor did he otherwise have an existing relationship with Defendants. (*See* Edick Decl. ¶ 5.) Rather, if anything, Plaintiff Zambrano was Plaintiff Durango's Vendor Support Personnel and must be bound by the arbitration provision within the very contract from which he sought (and did) benefit.

4

**ARGUMENT**

I.    **STANDARD OF REVIEW.**

Arbitration agreements are subject to the FAA.  Under section 4 of the FAA, a party to an arbitration agreement may petition a court for an order that arbitration proceed in the manner provided for in such agreement.  *See* 9 U.S.C. § 4.  Courts apply a standard similar to that applicable for a motion for summary judgment when deciding a motion to compel arbitration.  "If undisputed facts in the record require[ ] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law," then a district court must compel arbitration.  *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 472 (S.D.N.Y. 2013) (alterations on originals) (internal quotations and citations omitted).

The FAA provides for a stay of the proceedings pending arbitration.  9 U.S.C. § 3; *see also Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332, 2337, 96 L. Ed. 2d 185 (1987).  However, courts have discretion to dismiss rather than stay an action where, as here, all of the claims in the complaint must be submitted to arbitration, and have done so where defendants have sought dismissal.  *Rubin v. Sona Int'l Corp.*, 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) ("Where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings."); *see, e.g., Kowalewski v. Samandarov*, 590 F. Supp. 2d 477, 491 (S.D.N.Y. 2008)  (granting motion to compel arbitration and dismissing complaint); *Vittengl v. Wurld Media, Inc.*, No. 06 Civ 1513, 2007 WL 1063655, at *1-2 (N.D.N.Y. Apr. 5, 2007) (finding all claims subject to arbitration "because there are no issues remaining in this dispute that might properly be decided by the district court, it is appropriate to dismiss the action rather than to stay it"); *Spencer-Franklin v. Citigroup/Citibank N.A.*, No. 06 Civ 3475, 2007 WL 521295, at *4 (S.D.N.Y. Feb. 21, 2007) (observing that "[a]ll courts of which we are aware

have followed the rule" that a court may dismiss a case in which all claims must be arbitrated),

*adopted by* 2007 WL 1052951 (S.D.N.Y. April 7, 2007).

## II. PLAINTIFFS DURANGO, ROMERO, RIVEROS, AND ZAMBRANO ARE REQUIRED TO ARBITRATE THEIR CLAIMS.

Federal courts have long recognized a "strong federal policy favoring arbitration as an alternative means of dispute resolution." *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998) .

Pursuant to the FAA, 9 U.S.C. § 2:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The FAA unequivocally compels courts to "rigorously enforce arbitration agreements according to their terms including terms that specify *with whom* [the parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *See American Express Co. v. Italian Colors Rest*, ___ U.S. ___, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (internal quotations and citations omitted) (emphasis in original); *see also AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d. 742 (2011) (recognizing the "FAA's liberal federal policy favoring arbitration"); *Sutherland v. Ernst & Young, LLP*, 726 F.3d 290, 293 (2nd Cir. 2013) (reversing district court's order denying motion to compel arbitration over FLSA and NYLL claims).

Thus, where an agreement (containing an arbitration clause) involves a maritime transaction or interstate commerce, a court must enforce its express provision compelling arbitration of "any dispute, difference, question, or claim arising out of or in any way relating to [the] Agreement." *See Am. Express Co.*, 133 S. Ct. at 2309 ("Th[e] text [of the FAA] reflects the

overarching principle that arbitration is a matter of contract."); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67-72, 130 S. Ct. 2772, 2776-79 (2010) (enforcing provision of agreement granting arbitrator exclusive authority to resolve those disputes relating to the contract's enforceability).

The Second Circuit directs district courts determining arbitrability under the FAA to consider: "'(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement.'" *Shetiwy*, 959 F. Supp. 2d at 473 (quoting *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127-28 (2d Cir. 2011)). The party resisting arbitration bears the burden of proving that the arbitration agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92, 121 S. Ct. 513, 522 (2000). If the district court finds that these issues are satisfied in favor of arbitration, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241 (1985) (emphasis in original).

In the case at bar, as set forth by the FAA, Plaintiffs should be compelled to arbitrate their claims on an individual basis inasmuch as: (1) the Agreement reflects a valid, binding agreement to arbitrate; and (2) Plaintiff Durango's, Romero's and Riveros' claims fall within the scope of the Agreement's arbitration provision and are barred by the collective/class action waiver.

### A. Plaintiffs Durango, Romero and Riveros Entered Into Valid Agreements To Arbitrate The Claims At Issue On An Individual Basis.

Here, Plaintiffs Durango, Romero and Riveros entered into valid and binding contracts with SDS which included their express agreement to submit "any dispute, difference, question, or

7

claim arising out of or in any way relating to [their] Agreement" – including the claims they have brought herein – to arbitration and to waive any right to proceed with a class or collective action.

To determine whether there is an agreement to arbitrate, "courts apply generally accepted principles of contract law." *Arakawa v. Japan Network Group*, 56 F. Supp. 2d 349, 352 (S.D.N.Y. 1999) (citation omitted). "Pursuant to New York law, a person who signs a contract is presumed to know its contents and to assent to them." *Id.* (internal quotations and citation omitted). As such, it is presumed that Plaintiffs Durango, Romero and Riveros fully understood what they were signing and continued doing business with SDS with full knowledge of the arbitration provision and the class and collective action waiver. *See Reid v. Supershuttle Int'l, Inc.*, No. 08 Civ 4854, 2010 WL 1049613, at *2, 4 (E.D.N.Y. Mar. 22, 2010) (finding arbitration clauses signed by five plaintiffs were not unconscionable and enforcing class action waiver provision); *see also Greene v. Subcontracting Concepts, LLC*, No. 13 Civ 01500, 2014 WL 1087999, at *2-5 (S.D.N.Y. March 19, 2014) (enforcing arbitration and class action waiver provisions in favor of courier company, third party administrator, and individual defendants and granting their motion to dismiss plaintiffs' FLSA collective action); *Chanchani v. Salomon/Smith Barney, Inc.*, No. 99 Civ. 9219, 2001 WL 204214, at *2-3 (S.D.N.Y. Mar. 1, 2001) (enforcing arbitration provision finding that "party generally will be held to a signed contract unless he can demonstrate special circumstances . . . that contradict his intent to be bound").

Accordingly, this Court must weigh the first part of the Second Circuit's test in favor of dismissing this action and compelling arbitration as to Plaintiffs Durango, Romero and Riveros.

    **B.**    **Plaintiff Durango's, Romero's and Riveros' Claims Fall Within The Scope Of The Agreement's Arbitration Provision.**

Next, the parties can (and did) agree to submit the asserted claims of Plaintiffs Durango, Romero and Riveros to arbitration. In that light, the arbitration provision in the Agreement directs

8

the parties to submit to arbitration, "any dispute, difference, question, or claim arising out of or in any way relating to this Agreement or the transportation services provided hereunder." (*See* Edick Decl. ¶¶ 2-4, Exs. "A", "B" and "C", ¶20, p. 7). Here, based on the facts as alleged in the Complaint, there is no debate that the basis of all the claims asserted by Plaintiffs Durango, Romero and Riveros in this lawsuit involve disputes "arising out of" and "relating to [their] Agreement[s]" and/or the transportation services Plaintiffs Durango, Romero and Riveros provided.

Courts have recognized and enforced parties' decisions to submit FLSA and NYLL claims to arbitration. *Steele v. L.F. Rothschild & Co.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (compelling arbitration of FLSA claims), *appeal dismissed*, 861 F. 2d 1 (2d Cir. 1988); *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (compelling arbitration of FLSA claims and "the entire universe of [plaintiff's] common law claims"); *see also Metzler v. Harris Corp.*, No. 00 Civ 5847, 2001 WL 194911, at *4 (S.D.N.Y. Feb. 26, 2001) (compelling arbitration of claims asserted under NYLL, holding where the arbitration clause is broad, opponent "bears a heavy burden to show nonarbitrable").

Thus, it follows that the Independent Vendor Agreements For Transportation Services compel Plaintiffs Durango, Romero and Riveros to submit the claims they brought in this action to arbitration. Accordingly, this Court must weigh this second factor – whether Plaintiff Durango's, Romero's and Riveros' claims fall within the scope of the Agreement's arbitration provision – in favor of dismissing this action and compelling arbitration.

Moreover, arbitration must be compelled on an individual basis. The arbitration agreements that Plaintiffs Durango, Romero and Riveros signed do not permit class arbitration. Not only have courts upheld agreements to arbitrate individual FLSA claims, they have also upheld the waiver of FLSA collective actions. *See e.g., Sutherland v. Ernst & Young, LLP*, 726 F.3d 290,

296-99 (2d Cir. 2013); *Reid* 2010 WL 1049613, at *2-4.  More so, under New York law, a "contractual proscription against class actions . . . is neither unconscionable nor violative of public policy." *Ranieri v. Bell Atl. Mobile*, 759 N.Y.S. 2d 448 (1st Dep't 2003) , *leave to appeal denied*, 807 N.E. 2d. 290 (N.Y. 2003); *see Bar-Ayal v. Time Warner Cable Inc.*, No. 03 Civ. 9905, 2006 WL 2990032, at *14-16 (S.D.N.Y. Oct. 16, 2006)  (rejecting claim that arbitration clause barring class action was unconscionable under New York law); *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009)  (rejecting similar argument that arbitration provision which effectively barred class actions was unconscionable under New York law).

### C.  Plaintiff Zambrano's Claims Fall Within The Scope of Plaintiff Durango's Arbitration Provision.

Assuming <u>arguendo,</u> Plaintiff Zambrano at all times relevant to these proceedings was the Vendor Support Personnel of the business entity of Plaintiff Luz Durango (his wife) and received compensation from this business entity or from his wife directly, the Second Circuit has long-held that "non-signatories may be bound by arbitration agreements entered into by others." *Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 352 (2d Cir. 1999).  This reasoning dovetails with general principles of contract law.  *See, e.g., Spear, Leeds & Kellogg v. Cent. Life Assurance Co.*, 85 F.3d 21, 27 (2d Cir. 1996) ("[D]efendants' lack of direct contact with plaintiff does not prevent them from asserting their rights as third party beneficiaries" nor must "a beneficiary need . . . be identified prior to seeking enforcement of its rights under a contract"), *cert. denied*, 519 U.S. 1040, 117 S. Ct. 609, 136 L. Ed. 2d 534 (1996); *see also Borsack v. Chalk & Vermilion Fine Arts, Ltd.*, 974 F. Supp. 293, 302 (S.D.N.Y. 1997) ("[L]anguage limiting application of an arbitration clause to the parties to the contract has not precluded application of such clauses to nonsignatories so long as such persons were intended beneficiaries of the contract").

Plaintiff Zambrano did not have an existing relationship with Defendants. (*See* Edick Decl. ¶ 5). Rather, Plaintiff Zambrano in essence seeks to enforce the terms of another vendor's Independent Vendor Agreement for Transportation Services as a third party beneficiary. To do such, Plaintiff Zambrano is bound by the arbitration clause in Plaintiff Durango's Independent Vendor Agreement for Transportation Services Agreement. *See Borsack,* 974 F. Supp. at 299 ("Thus, when a plaintiff who acquires rights under a contract as an agent, third-party beneficiary, or assignee subsequently bases [his] right to sue on the contract itself the provision requiring arbitration as a condition precedent to recovery must be observed.") (internal quotations and citation omitted) (alteration in original). To the extent Plaintiff Zambrano now claims that he is asserting his own legal rights, Plaintiff Zambrano lacks standing. It is well-settled that a litigant must have standing to sue a defendant. Standing, as recognized by the Supreme Court, requires that a plaintiff must 'have suffered an injury in fact – an invasion of a legally protected interest which is . . . concrete and particularized; and . . . actual or imminent, not conjectural or hypothetical.' *Conn. v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 116, (2d Cir 2002) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), *cert. denied*, 537 U.S. 878, 123 S. Ct. 77, 154 L. Ed. 2d 133 (2002)). Given the absence of any relationship with Defendants, Plaintiff Zambrano lacks standing to sue Defendants.

Accordingly, the Complaint must be dismissed, and alternatively, arbitration compelled as to Plaintiff Zambrano.

### III. PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ALSO MUST BE DISMISSED.

Defendants David Kronick, Andrew Kronick and Mike Ruccio move to dismiss all of the claims against them on the grounds that Plaintiffs have failed sufficiently to plead employer status. It is well established that in order to be bound by the requirements of the FLSA, one must be an

"employer". The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."

In order to determine whether an individual constitutes an employer under the FLSA, courts employ an economic reality test that considers the following four factors: (1) whether the individual has the power to hire and fire the employee; (2) whether he supervised and controlled the employee's work schedule or conditions of employment; (3) whether he determined the rate and method of payment for the hours worked; and (4) whether he maintained employment records. *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 Civ 6519, 2009 WL 976835, at *1-2 (S.D.N.Y. Apr. 9, 2009) (granting individual defendants' motion to dismiss). The same analysis applies to claims bought under the NYLL. *See id.*

In *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009), the District Court of the Western District of New York granted a motion to dismiss for a failure to state a claim against the Vice President of Human Resources, Joseph Madigan. In concurring with the Magistrate's decision, the court stated:

> Here, plaintiffs['] allegations establish only that, *upon information and belief,* Madigan had the general authority to hire and/or fire employees, and that he maintained employee records. Plaintiffs offer no supporting details to substantiate their belief other than Madigan's job title, and allege no facts concerning the extent of Madigan's alleged involvement in NVR's hiring and/or firing processes or record-keeping policies. Notably, plaintiffs do not allege that they or anyone else were hired by Madigan, or by any predecessor in his position. Plaintiffs' allegations concerning Madigan's level of control, if any, over their work schedules, conditions of employment, and compensation, are even more attenuated. Plaintiffs assert only that Madigan's exercise of his supposed policy-setting powers as the Director of Human Resources in some way "support[ed]," or indirectly impacted, those aspects of their employment.
>
> I find that mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon

>information and belief and without any supporting details—
>essentially "a formulaic recitation of the elements of a cause of
>action"—are insufficient to raise plaintiffs' right to relief "above a
>speculative level" with respect to that individual's liability as an
>employer under the FLSA.

>*Id.* (emphasis in original) (citation omitted).

Plaintiffs allege in the Complaint that, **<u>upon information and belief,</u>** Defendants David Kronick, Andrew Kronick, and Mike Ruccio "exercise sufficient control of SDS' day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA." Such allegations are even less specific than the allegations raised in the *Tracy* case which were found to be insufficient. Accordingly, the Complaint fails to contain any factual allegations giving rise to a reasonable inference that the individual defendants are employers under the FLSA and NYLL. Since the Complaint is devoid of such allegations, the Complaint fails to state a cause of action against Defendants David Kronick, Andrew Kronick, and Mike Ruccio and must be dismissed as to these individual defendants.

Additionally, as aforementioned, the Second Circuit has rejected the strict proposition that only signatories to an arbitration agreement can be bound by its terms. Assuming *arguendo*, that Plaintiffs allegations are found to be sufficient as to the individual defendants, then Defendants David Kronick, Andrew Kronick and Mike Ruccio should be considered third party beneficiaries of the Independent Agreements For Transportation Services and, therefore, are also entitled to avail themselves of each arbitration provision and collective/class action waiver contained therein.

More so, the doctrine of equitable estoppel authorizes a non-signatory to an arbitration agreement to compel a signatory to that agreement to arbitrate a dispute where "the claims that the nonsignatory" is seeking to resolve in arbitration are "intimately founded in and intertwined with the underlying contract obligations." *Choctaw Generation Ltd. P'ship v. Am. Home Assurance*

13

*Co.*, 271 F.3d 403, 406 (2d Cir. 2001) (internal quotations and citation omitted). As such, Plaintiffs are barred by the doctrine of equitable estoppel from contending otherwise. Accordingly, if the claims against the individuals are not dismissed for a failure to state a claim, then in the alternative, compelling arbitration is appropriate as to claims against the individual defendants named in this lawsuit.

## **CONCLUSION**

For the foregoing reasons, the Court should: (i) grant Defendants' motion to dismiss the claims against David Kronick, Andrew Kronick and Mike Ruccio for a failure to state a claim or in the alternative dismiss the claims and compel arbitration; (ii) dismiss Plaintiff Durango's, Romero's and Riveros' claims against SDS and compel arbitration on an individual basis; and (iii) dismiss Plaintiff Zambrano's claims for a lack of standing or alternatively dismiss Plaintiff Zambrano's claims and compel arbitration.

Dated: December 28, 2015                                    Respectfully submitted,

                                                            JASINSKI, P.C.

                                                            /s *David F. Jasinski*
                                                            David F. Jasinski, Esq.
                                                            Sixty Park Place, 8th Floor
                                                            Newark, New Jersey 07102
                                                            (Tel) 973-824-9700
                                                            (Fax) 973-824-6061
                                                            djasinski@jplawfirm.com

                                                            *Attorneys for Defendants*