JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

January 15, 2016

**VIA ECF**

The Honorable Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: **Zambrano v. Strategic Delivery Solutions, LLC**
         **No. 15 CV 08410 (ER)**

Dear Judge Ramos:

  We represent the Plaintiffs in the above-referenced action. We write in response to Defendants' pre-motion letter dated December 30, 2015. This is a wage and hour action asserting various claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs worked as delivery drivers for Defendant Strategic Delivery Solutions, LLC ("SDS").

  Defendants' motion to compel arbitration should be denied. Under the Federal Arbitration Act ("FAA"), written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985). Thus, an arbitration agreement will be invalid under the so-called "effective vindication" exception to the FAA if it operates "as a prospective waiver of a party's *right to pursue* statutory remedies." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013) (emphasis in original).

  The arbitration agreements signed by Plaintiffs Durango, Romero, and Riveros are unenforceable under the effective vindication exception to the FAA because (1) they preclude Plaintiffs from recovering attorneys' fees and costs to which they would be entitled as prevailing parties under the FLSA and NYLL[1], 29 U.S.C. § 216(b); N.Y. Lab. L. § 663(1); and (2) they require Plaintiffs to proceed under the Rules for Commercial Arbitration of the American Arbitration Association and bear half the costs of arbitration. In an FLSA action, the Tenth

---

[1] Specifically, the arbitration agreements state, "[t]he parties shall bear their own costs including, without limitation, attorneys' fees[.]"

Circuit recently found that similar provisions rendered an arbitration agreement unenforceable under the effective vindication exception. *Nesbitt v. FCNH, Inc.*, No. 14-1502, 2016 U.S. App. LEXIS 38 (10th Cir. Jan. 5, 2016). The same result is appropriate here.

In the alternative, Defendants' motion to compel arbitration should be denied pursuant to 9 U.S.C. § 1, which provides that the FAA shall not "apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." This "exempts from the FAA . . . contracts of employment of transportation workers." *Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001). Where, as here, there is a question as to whether the contracts at issue are employment contracts or independent contractor contracts, a motion to compel arbitration should not be granted until the threshold question of the workers' employment status is decided. *See Oliveira v. New Prime, Inc.*, No. 15-10603-PBS, 2015 U.S. Dist. LEXIS 145620 (D. Mass. Oct. 27, 2015); *cf. In re Van Dusen*, 54 F.3d 838, 846 (9th Cir. 2011) ("[W]e believe the best reading of the law requires the district court to assess whether a Section 1 exemption applies before ordering arbitration.").

Plaintiff Zambrano has alleged that he was an employee of Defendants and was not paid in accordance with the FLSA and NYLL. Thus, he has alleged that Defendants have caused him to suffer a cognizable legal harm. Defendants have not and cannot point to any doctrine of standing that would preclude him from pursuing his claims against the individuals and entities that Zambrano alleges have harmed him. Therefore, Defendants' argument that Plaintiff Zambrano lacks standing to sue because he did not enter into a contract with SDS is meritless. Tp be sure, determination of an individual's employee status under the FLSA and NYLL is based on the totality of the circumstances. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Contractual terms (or the lack thereof) are not dispositive. *See Keller v. Miri Microsystems LLC*, 781 F.3d 799, 808 (6th Cir. 2015) (noting that "[t]he FLSA is designed to defeat rather than implement contractual arrangements"); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 925 ("[E]mployee status under the NYLL turns on substance, not form."). Accordingly, the fact that Plaintiff Zambrano did not enter into a contract with SDS is not dispositive of his employee status, and he can pursue FLSA and NYLL claims against Defendants.

To the extent that Defendants contend that Plaintiffs have insufficiently pled the liability of the Individual Defendants (David Kronick, Andrew Kronick, and Mike Ruccio), Plaintiffs will agree to dismiss Andrew Kronick without prejudice and seek to amend the Complaint to supplement their allegations with respect to David Kronick and Mike Ruccio. An individual can be liable under the FLSA if he or she has the power to exercise formal control or operational control over a company's employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-110 (2d Cir. 2013). Factors relevant to formal control include the power to hire and fire employees, supervising and controlling work schedules and conditions of employment, determining the rate and method of payment, and maintaining employment records. *Id.* at 104. A person exercises operational control where "his or her role within the company, and the decisions it entails, directly affect[s] the nature or conditions of the employees' employment." *Id.* at 110. Plaintiffs can plead additional facts relevant to this analysis, including:

2

(1) Upon information and belief, David Kronick was responsible for soliciting business, which directly impacted driver compensation. To be sure, Mr. Kronick was listed as SDS's primary contact on promotional websites.

(2) David Kronick entered into contracts on behalf of SDS, including contracts with Plaintiffs.

(3) Mike Ruccio had the power to discipline and terminate drivers. For example, he suspended Plaintiff Zambrano and sent a letter to Plaintiff Riveros after she failed to complete a delivery route that stated that any subsequent failure would result in the termination of her relationship with Defendants. Mr. Ruccio also reprimanded Plaintiff Riveros for her attire at work.

(4) Mr. Ruccio interviewed and hired managers.

(5) Mr. Ruccio had the power to change drivers' pay. For example, at one point made the decision to reduce driver pay for routes by 6%.

(6) Mr. Ruccio was involved in assigning routes to drivers.

For the foregoing reasons, Defendants' anticipated motion should be denied. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)