**JASINSKI**

A PROFESSIONAL CORPORATION | COUNSELORS-AT-LAW

www.jplawfirm.com

October 17, 2017

**_Via Electronic Filing_**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square Courtroom 619
New York, NY 10007

> **Re:** **_Zambrano, et al. v. Strategic Delivery Solutions, LLC, et al._**
> **Case No. 15-cv-08410-ER**

Dear Judge Ramos:

We represent Defendant Strategic Delivery Solutions, LLC ("SDS" or "Defendant") in the above matter. Consistent with the Court's prior rulings, the parties submitted the dispute involving Martin Forero Trucking, Inc. and Martin Forero (hereinafter "Plaintiff") to arbitration pursuant to the rules of the American Arbitration Association ("AAA"). The Hon. Albert M. Rosenblatt ("the Arbitrator") was mutually selected by the parties to hear and resolve this dispute. Hon. Rosenblatt followed the rules of the AAA, held two (2) pre-hearing conferences, and subsequently heard the submitted evidence and rendered an award. With this backdrop, we write in response to Plaintiffs' apparent request for a pre-motion conference (filed on October 11, 2017) seeking to move for reconsideration of the Court's Order entered on September 23, 2016 ("Order").

More than a year has passed since the Court entered its Order enforcing the contract and directing the parties to utilize the arbitration provision to resolve any related disputes. Plaintiffs neither sought reconsideration nor filed an appeal of this Court's Order.[1]  Instead, Plaintiff participated in the Arbitration process; however, chose not to attend the agreed upon hearing date. After the Arbitration Award was issued, Plaintiff did not move to vacate or otherwise challenge the Award of the Arbitrator entered on June 23, 2017 ("Award").  SDS sent a demand for satisfaction of the Award to Plaintiff (and his Counsel) well within the timeframe for him to attempt to challenge the Award.  Plaintiff chose to ignore this correspondence and the Award and neither pay it nor challenge it.  Nevertheless, even if Plaintiff could timely bring an application to vacate the Award, although he cannot, he has absolutely no grounds to do so.

Plaintiff voluntarily chose not to participate in the Arbitration.  Plaintiff is represented by Counsel and was presumably aware of the consequences for his choice to disregard the demand for Arbitration and not show up for the proceedings. Plaintiff is owner of Martin Forero Trucking, Inc.

---

[1] The term "Plaintiffs" refers collectively to the named and/or opt-in plaintiffs in the underlying litigation.

60 Park Place, 8th Floor
Newark, NJ 07102
ph 973-824-9700 | fax 973-824-6061

707 White Horse Pike, Suite A1
Absecon, NJ  08201
ph 609-677-9800 | fax 609-677-9811

which reported income on a public website of nearly $180,000.00. [2] As such, Plaintiff cannot claim he does not possess the financial resources to pay the legal fees in an arbitration proceeding. Certainly, had Plaintiff appeared at the Arbitration and been successful, he would not hesitate to move to enforce the Award.  Further, while Plaintiff claims he took the position that there was "no arbitrable issue" he did not withdraw his claims in this lawsuit (with prejudice) as he could have.  Thus, as this Court has previously stated, the "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected".  See Tube City IMS, LLC V. Anza Capital Partners, LLC, 25 F. Supp. 3d 486, 488 (S.D.N.Y., 2014).

Finally, in compelling arbitration, the Court concluded that Plaintiffs ". . . bear[ ] the burden of showing the likelihood of incurring" prohibitive arbitration costs.  Order, p. 13 (citations omitted). The Order further concluded that "[e]ven if Plaintiffs have correctly approximated the costs of arbitration and even if those costs would indeed be prohibitive, Plaintiffs have not met their burden of showing the likelihood of incurring those costs."  Order, pp. 13-14.  Thereafter, the Court went on to discuss a litany of measures Plaintiffs could seek to invoke to reduce the cost of arbitration.  Plaintiff exercised none of these measures.  Now, more than a year later, Plaintiffs repeat the same argument, yet still proffer no evidence of an inability to pay or prohibitive costs.  Surely, a claim of $7,000.00 is not cost prohibitive especially considering Plaintiff's income. There is a sharp difference between someone who is "unable" to pay and someone who "does not want" to pay.  Further, it is noteworthy that the Award of $7,010.00 is far less than the unsupported and speculative costs for arbitration asserted by the name Plaintiffs in their Opposition to SDS's Motion to Compel Arbitration.  In that light, Plaintiff Luz Durango estimated the fee would be between $11,850 - $19,050 (Document No. 29); Plaintiff Moira Riveros estimated the fee would be between $10,200 - $17,400 (Document No. 30); Rigoberto Romero estimated the fee would be between $8,750 - $15,950 (Document No. 31); and Christian Zambrano estimated the fee would be between $10,200 - $17,400 (Document No. 32).

Accordingly, SDS respectfully requests a pre-motion conference to seek leave to file a Motion to Enforce the Arbitration Award and that Plaintiffs' requested application to seek reconsideration of the Order be summarily denied.

We appreciate the Court's time and attention to this request.

Respectfully submitted,

JASINSKI, P.C.

s/ *David F. Jasinski*

DAVID F. JASINSKI

PPP
cc:    Denise A. Schulman, Esq. (via electronic filing)
       Daniel M. Kirschenbaum, Esq. (via electronic filing)
       Chris Van De Water, Esq. (via electronic filing)

---

[2] https://www.dandb.com/businessdirectory/martinforerotruckinginc-bayshore-ny-6484916.html

JASINSKI