UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN ZAMBRANO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC DELIVERY SOLUTIONS, LLC,<br>*et al.*,<br><br>Defendants. | Case No.: 15 Civ. 8410 (ER)<br><br>**MEMORANDUM OF LAW IN SUPPORT<br>OF MOTION TO CONFIRM<br>ARBITRATION AWARD** |

Defendant Strategic Delivery Solutions, LLC ("SDS"), by and through its attorneys, Jasinski, P.C., respectfully files this Memorandum of Law in support of its Motion to Confirm the Arbitration Award dated June 23, 2017 pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 9.

**PROCEDURAL HISTORY**

On April 27, 2015, four plaintiffs (Luz Durango, Moira Riveros, Rigoberto Romero and Christian Zambrano (i.e., "named plaintiffs")) filed a class and collective action Complaint in the U.S. District Court for the Eastern District of New York, asserting various wage and hour violations against SDS (and three individual defendants) pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See Zambrano v. Strategic Delivery Solutions, LLC,* Case No. 15-cv-2373 (E.D.N.Y. 2015), Docket Entry No. 1. The named plaintiffs purported to assert claims on behalf of themselves and "current and former drivers, couriers and delivery drivers" who they contended "worked for SDS in New York." *Id.* Specifically, the named plaintiffs asserted the following claims: FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

(First Cause of Action); New York State Overtime Violations, NYLL §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.2 (Second Cause of Action); New York Notice Violations, NYLL §§ 195, 198 (Third Cause of Action); and New York Unlawful Deductions and Untimely Payment of Wages, NYLL §§ 191, 193 (Fourth Cause of Action). *Id.* Thereafter, SDS and the individual defendants filed a Motion to Dismiss the Complaint and to Compel Arbitration on July 14, 2015. *See Zambrano v. Strategic Delivery Solutions, LLC,* Case No. 15-cv-2373 (E.D.N.Y. 2015), Docket Entry No. 21. The named plaintiffs opted not to oppose this Motion and voluntarily dismissed their case without prejudice on August 12, 2015. *See Zambrano v. Strategic Delivery Solutions, LLC,* Case No. 15-cv-2373 (E.D.N.Y. 2015), Docket Entry Nos. 26 and 27.

The named Plaintiffs later resurfaced on October 26, 2015, filing virtually the identical Complaint in the U.S. District Court for the Southern District of New York. *See* Docket Entry No. 1. Once again, SDS and the other named Defendants filed a Motion to Dismiss the Complaint and to Compel Arbitration on January 29, 2016. *See* Docket Entry Nos. 21-24. The named Plaintiffs filed their Opposition to the Motion to Dismiss on February 29, 2016; the Defendants filed their Reply in Further Support of their Motion to Dismiss on March 14, 2016. *See* Docket Entry Nos. 27-32. Plaintiff, Martin Forero ("Plaintiff" or "Forero"), filed his Consent to Sue on April 5, 2016; twenty-three (23) additional opt-in plaintiffs also joined in the litigation. *See* Docket Entry Nos. 36-59.

On September 22, 2016, the Court issued an Opinion and Order granting Defendants' Motion in part and denying it in part and stayed the proceedings pending Arbitration. *See* Docket Entry No. 64. The Court left the issue of the enforceability of the class action waiver provision for the Arbitrator to resolve. *Id.* SDS had filed a Demand for Arbitration against Mr. Martin Forero on November 23, 2016. *See* Arbitration Award attached to the Declaration of Peter P.

Perla, Jr., Esq. ("Perla Decl.") as Exhibit A. The matter of Martin Forero proceeded to arbitration on May 24, 2017. *Id.* Plaintiff was given notice and the opportunity to attend the Arbitration; however, he voluntarily declined to do so. *Id.*

On June 23, 2017, Arbitrator Albert M. Rosenblatt issued his decision. *Id.* He awarded SDS declaratory judgment that Mr. Forero was an independent contractor and that the waiver of class certification applied. *Id.* He ordered Mr. Forero to pay $7,010.00 in fees and costs related to said Arbitration. *Id.* The Arbitration Award was forwarded to the parties on June 27, 2017. *See* Perla Decl., Exhibit B.

A Motion to Vacate Arbitrator Rosenblatt's Decision has never been filed.

## ARGUMENT

### THE COURT SHOULD CONFIRM THE ARBITRATOR'S FINAL AWARD ISSUED ON JUNE 23, 2017.

The Federal Arbitration Act ("FAA") provides that there is a three (3) month period of time in which to challenge an Arbitration Award. See 9 U.S.C.A. § 12. If no such application is made, then a party to the proceeding may move to confirm the Award within a one (1) year period thereafter. Specifically, 9 U.S.C.A. § 9 states on this point:

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

Here, Arbitrator Rosenblatt issued his Award on June 23, 2017, and the Award specifically notes on the last page that the Arbitrator provided it to Plaintiff by and through his counsel: Matthew Paul Madzelan, Esq., and Chris Vandewater, Esq. of the Slater Law Firm, P.C., 445 Broad Hollow Road, Suite 334, Melville, New York 11747. *Id.* Seven (7) months have passed since the Award was issued and served, and counsel for Petitioners are unaware of any application

3

being made to challenge the Award in court as provided by the FAA. *See* Perla Decl., Exhibits A and B. Therefore, the Award should be confirmed. See e.g. Scandinavian Reinsurance Co., Ltd. v. Saint Paul Fire & Marine Ins. Co., 668 F. 3d 60, 78 (2d Cir. 2012) ("a court 'must' confirm an arbitration award 'unless' it is vacated, modified or corrected 'as prescribed' in §§ 10 and 11") (citing Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582, 128 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)); Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp., 13 Civ. 5096 (KPF), 2013 W.L. 6498165, 5 (S.D.N.Y. Dec. 11, 2013) ("There is nothing malleable about 'must grant', which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.") (quoting 9 U.S.C.A. § 9); Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp., 15 Civ. 7880 (LGS), 2016 W.L. 452161, 1 (S.D.N.Y. Feb. 5, 2016) (the court's function in confirming an arbitration award is severely limited; normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified or corrected).

## CONCLUSION

SDS respectfully requests that this Honorable Court enter an Order and Judgment confirming the Arbitration Award in its entirety.

Dated: January 19, 2018

JASINKI, P.C.

*/s David F. Jasinski*
David F. Jasinski
60 Park Place, 8th Floor
Newark, NJ 07102
Telephone: 973-824-9700
Facsimile: 973-824-6061
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, Defendant's Motion to Confirm Arbitration Award and supporting papers were electronically filed with the Clerk of the Court and electronically served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or Southern District's Rules upon the following parties and participants:

### Via CM/ECF

Daniel M. Kirschenbaum, Esq.
Denise A. Schulman, Esq.
Joseph & Kirschenbaum LLP
32 Broadway, Ste. 601
New York, NY 10004

Christopher Van De Water, Esq.
The Slater Firm, P.C.
445 Broad Hollow Road, Ste. 334
Melville, NY 11747

Dated: January 19, 2018

*s/ David F. Jasinski*
David F. Jasinski, Esq.
JASINSKI, P.C.
60 Park Place, 8th Floor
Newark, New Jersey 07102
Telephone: (973) 824-9700
Facsimile: (973) 824-6061
Email: djasinski@jplawfirm.com
*Attorneys for Defendants*