UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN ZAMBRANO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATEGIC DELIVERY SOLUTIONS, LLC, *et al.*, <br><br> Defendants. | Case No.: 15 Civ. 8410 (ER) <br><br><br> **SDS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO <u>CONFIRM ARBITRATION AWARD</u>** |

Defendant Strategic Delivery Solutions, LLC ("SDS"), by and through its attorneys, Jasinski, P.C., respectfully files this Reply Memorandum of Law in Further Support of its Motion to Confirm the Arbitration Award dated June 23, 2017 pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

## PRELIMINARY STATEMENT

Although Plaintiff Forero attempts to paint SDS as the orchestrator of a nefarious plot to chill his and his co-Plaintiffs' rights, nothing could be further from the truth. Nearly a year and a half has passed since the Court entered its September 22, 2016 Order ("Order") enforcing the parties' arbitration agreement ("Agreement") and directing this matter to arbitration. During the intervening months, Plaintiff Forero:

(i) never filed a motion for reconsideration of the Order;

(ii) never appealed the Order;

(iii)     participated in the arbitration process, never sought SDS' consent to proceed on an expedited basis, opted not to apply for indigent status with the American Arbitration Association ("AAA"), and voluntarily chose at the eleventh hour not to attend the arbitration hearing;

(iv)     never withdrew his claims with prejudice in the action pending before this Court;

(v)     does not contend that he did not timely receive the June 23, 2017 arbitration award ("Award");

(vi)     received SDS' demand for satisfaction of the Award well within the three month timeframe for Plaintiff Forero to seek to vacate the Award; and

(vii)     nonetheless, and despite all of the supposed issues that Plaintiff Forero belatedly articulates in his opposition, failed to move to vacate the Award within the strict, three month statutorily mandated deadline.

Plaintiff Forero's actions – or rather his multiple inactions – are the root of the issues that he now belatedly proclaims.

Notwithstanding Plaintiff Forero's laxness, and even if he were not well beyond his deadlines to ask the Court to reconsider its Order and to move to vacate the Award, absolutely no evidence in the record exists demonstrating that Plaintiff Forero actually has an inability to pay $7,010.00 (*i.e.*, half the fees that the arbitrator apportioned to him). In fact, the only record evidence before the Court on this subject reveals that Plaintiff Forero's company, Martin Forero Trucking, Inc., has reported income of $180,000. In splitting the fees, the arbitrator was simply acting in accordance with the language of the arbitration agreement Plaintiff Forero freely entered into in light of Plaintiff Forero's failure to be a prevailing party.

In stark contrast, SDS acted in accordance with the Order and the AAA's rules and brought this application seeking to confirm the Award, well within the one year limitations period for doing so. Accordingly, SDS has met its burden, and respectfully requests the Court grant SDS' Motion to Confirm the Arbitration Award.

## ARGUMENT

**I.      Plaintiff Forero Is Out Of Time:  (i) To Vacate The Arbitration Award; And (ii) To Ask This Court To Reconsider Its September 22, 2016 Decision, And Therefore, The Court Must Enforce The Award.**

Under the Federal Arbitration Act and New York law, a party has three months to move to vacate an arbitration award.  *See* 9 U.S.C. §12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); N.Y.C.P.L.R. 7511(a) ("An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.").  *See also Yonir Technologies, Inc. v. Duration Systems (1992) Limited*, 244 F.Supp.2d 195, 207 (S.D.N.Y. 2002) (finding motion to vacate arbitration award untimely under both federal and New York law where plaintiff sought to vacate the award over nine months after it was issued).

Here, there is no dispute that Plaintiff Forero failed to move to vacate the award within the requisite time period.  The Award was issued on June 23, 2017 and forwarded to the parties on June 27, 2017.  *See* Docket Nos. 81-1 and 81-2.  Pursuant to statute, Plaintiff Forero had three months (or ninety days) to move to vacate the Award.  Notwithstanding this strict deadline, Plaintiff Forero failed to do so, and therefore, is now precluded from making a belated application.  *See e.g., Wallace v. Buttar,* 378 F.3d 182, 197-98 (2d Cir. 2004) ("[A] party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." (internal citation and quotation omitted)); *Hakala v. J.P. Morgan Securities, Inc.,* 186 Fed.Appx. 131, **2 (2d Cir. 2006) (upholding trial court's finding that *pro se* plaintiff's motion to vacate arbitration award was untimely, where it was filed one day beyond 90 day limitations period).

3

Likewise, Plaintiff Forero is well beyond his deadline to file a motion for reconsideration of the Court's September 22, 2016 Order. *See* S.D.N.Y. L. Cv. R. 6.3 (requiring that motions for reconsideration be served within fourteen days after the entry of the court's determination of the original motion). *See also* Docket No. 64. Accordingly, Plaintiff Forero is precluded from doing so now, nearly a year and a half after the Order's issuance.

In contrast to Plaintiff Forero, SDS has timely submitted the instant application. 9 U.S.C. §9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected . . .". (emphasis added)). SDS filed its Motion to Confirm the Arbitration Award on January 19, 2018, well within a year after the arbitrator issued his June 23, 2017 Award. *See* Docket Nos. 80 and 81-1. As such, SDS' application is timely, and the Court must grant SDS' Motion and confirm the Award.

**II.    The Time Limitations Should Not Be Tolled.**

The doctrine of equitable tolling does not save Plaintiff Forero. *See Hakala v. J.P. Morgan Securities, Inc.,* 356 F.Supp.2d 355, 357-58 (S.D.N.Y. 2005) (holding that doctrine of equitable tolling did not extend plaintiff's 90 day deadline to file petition to vacate arbitration award). Equitable tolling is designed "'to prevent misconduct on the part of a defendant that makes it unfair for such defendant to hide behind the defense and employ it as a weapon to defeat a legitimate cause of action.'" *Id.* at 358.

Plaintiff Forero asserts no misconduct on the part of SDS that would make it inequitable for defendant to assert the limitations period as a bar. Pursuant to AAA's Commercial Arbitration Rules and Mediation Procedures ("Rules"), R-4, before arbitration pursuant to a court order can begin, a party must initiate the process by filing a Demand for Arbitration. *See* Declaration of

4

David F. Jasinski, Esq. ("DFJ Decl."), ¶2, Exhibit A.  Here, after the Court mandated arbitration in its September 22, 2016 Order, neither Plaintiff Forero nor any of his approximately two dozen co-Plaintiffs (collectively, "Plaintiffs") initiated arbitration.  Plaintiffs' failure to initiate arbitration of their claims flies in the face of the Court's Order that the parties resolve this matter in arbitration.  The Court could not have been clearer:  "Plaintiffs must proceed by way of arbitration. . . ."; "the FAA compels the Court to direct Plaintiffs to proceed in [arbitration]"; and "the Court finds that New York law also compels arbitration of Plaintiffs' claims. . . .".  *See* Docket No. 64, pp. 8, 15, and 17.

Given Plaintiffs' contempt for the Court's Order and their failure to prosecute their own action, SDS had no choice but to take it upon itself to begin the Court ordered arbitration process by filing a Demand for Arbitration with the AAA.  Otherwise, this matter would have fallen into limbo and languished in a procedural abyss for the foreseeable future.  Plaintiffs' attempts to portray SDS' actions as improper in this regard are nothing more than a slight of hand designed to direct attention away from Plaintiffs' own failures to prosecute their claims in this case.

Plaintiff Forero's focus on the expedited arbitration procedures does not show any improper motive on the part of SDS and, if anything, seems to be an issue that Plaintiff Forero has with the AAA.  The AAA applies expedited arbitration procedures to those matters with claims not exceeding $75,000.  *See* DFJ Decl., ¶2, Exhibit A, AAA Rule, R-1(b).  Plaintiff Forero's claims, however, include wage and hour counts, which, if Plaintiff Forero prevailed, could allow him treble damages as well as attorneys' fees and costs.  *See* Docket No. 1.  These amounts conceivably could vault the $75,000 threshold, and accordingly, this matter was not suited for expedited arbitration, regardless of its initial classification.  Notwithstanding, the matter could have proceeded on an expedited basis with the consent of the parties.  *See* DFJ Decl., ¶2, Exhibit

5

A, AAA Rule, R-1(b). Although Plaintiff Forero claims that he received no response from Ms. Gomez as to why the matter was taken off the expedited track, he provides no proof that he ever sought Mr. Jasinski's consent to have the matter put back on the expedited track. Again, Plaintiff Forero's attempts to portray SDS' actions as improper are nothing more than rhetoric aimed at taking the focus off of Plaintiff Forero's inactions.

### III. Even If Plaintiff Forero Were Not Out Of Time, The Court Must Enforce The Arbitration Award As He Provides No Evidence Demonstrating His <u>Supposed Inability To Pay The Fee Award.</u>

Although Plaintiff Forero ignores the fact that he is grossly out of time to seek to vacate the Award and/or ask the Court to reconsider its Order, he nonetheless asks the Court to invoke the effective vindication doctrine. However, in order to support such a request, Plaintiff Forero must be able to demonstrate that he is unable – not just unwilling – to pay the fee award. *Reynolds v. de Silva*, 2010 WL 743510, at *6 (S.D.N.Y. Feb. 24, 2010), abrogated on other grounds by *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015) (noting that in determining whether arbitration costs are prohibitive such as to trigger application of the effective vindication doctrine, a court must consider the facts of the specific case, including plaintiff's ability to pay the arbitration fees and costs). Plaintiff Forero does not do so as he supplies no evidence whatsoever of his supposed inability to pay.

In opposition to SDS' Motion to Dismiss the Complaint and Compel Arbitration, four other co-Plaintiffs in this putative collective action (*i.e.,* Plaintiff Zambrano, Plaintiff Romero, Plaintiff Durango, and Plaintiff Riveros) filed affidavits, self-serving as they were, as evidence of their supposed inability to pay arbitration costs. Docket Nos. 29-32. Notably, however, Plaintiff Forero – the only plaintiff at issue in the instant application -- never submitted any affidavit or other evidence to demonstrate his financial condition, never applied to the AAA as an indigent, and

Plaintiff Forero's company, Martin Forero Trucking, Inc., reported income on a public website of nearly $180,000.[1] *See* https://www.dandb.com/businessdirectory/martinforerotruckinginc-bayshore-ny-6484916.html.  Accordingly, Plaintiff Forero cannot demonstrate that he is unable to pay his portion of the arbitration fee, and the Court must grant SDS' Motion to Confirm the Arbitration Award.

    **IV.    The Arbitrator Acted In Accordance With The Arbitration Agreement And The Rules Of The American Arbitration Association In Apportioning Half The Arbitration Fees to Plaintiff Forero.**

Although Plaintiff Forero attempts to frame the arbitrator's decision to apportion half of the arbitration costs to Plaintiff Forero as an improper "sanction" and/or improper "default judgment", neither characterization is accurate.  As an initial matter, SDS never brought any sort of counterclaim against Plaintiff Forero, and therefore, his attempt to characterize the fee award as a "default judgment" simply does not comport with the facts and procedural history of this matter.

Moreover, the arbitration provision in the Agreement reads, in relevant part, as follows: "The parties shall bear their own costs including, without limitation, attorneys' fees, and shall each bear one half (1/2) of the fees and costs of the arbitrator."  *See* DFJ Decl., ¶3, Exhibit B, ¶20(a) ("Independent Agreement for Transportation Services").  The arbitrator, in splitting the costs of arbitration, given that Plaintiff Forero was not a prevailing party, simply followed the terms of the Agreement in rendering his decision to split the arbitration fees.[2]  Moreover, Plaintiff Forero had

---

[1] *See Reynolds v. de Silva*, 2010 WL 743510, at *6 (S.D.N.Y. Feb. 24, 2010), abrogated on other grounds by *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015) (finding fact that plaintiff made at least $120,000 per year to have undermined argument that arbitration costs were prohibitively expensive and noting that "courts in this District have compelled parties to arbitrate when they have far less. *See, e.g.*, *Rajjak*, 2001 WL 799766, at *4 n. 6 (finding that cost of arbitration was not barrier to vindication of rights of plaintiff who had two children and a combined family income of just $25,519).").

[2] "The administrative fees of the American Arbitration Association totaling $2,050.00 and the compensation of the Arbitrator totaling $11,970.00 shall be borne equally by the parties.

the opportunity -- by attending the arbitration -- to mitigate this amount because, if he had prevailed, his claims provided him costs. *See* Docket Nos. 1 and 49. *See also* Docket No. 64, p. 10. However, Plaintiff Forero voluntarily chose not to attend. He thereby willingly gave up his ability to mitigate and cannot now, months after the fact, and having failed to move to vacate the Award, tries to spin the arbitrator's apportionment of the fees into an improper default judgment or sanction. The arbitrator's splitting of the fees was appropriate, and the arbitrator's decision clearly did not constitute an improper default judgment or sanction. As such, the Court must grant SDS' Motion to Confirm the Arbitration Award.

### V. Had Plaintiff Forero Wanted To Try And Avoid Arbitration Fees, He Had Multiple Opportunities To Do So.

The AAA's Rules do not appear to have a mechanism that would allow a plaintiff to voluntarily dismiss his/her claims. As such, prior to the arbitration, Plaintiff Forero would have needed to voluntarily dismiss his claims with prejudice in this litigation. Had he done so, the Court's September 22, 2016 Order would no longer have claims upon which to base itself, rendering the Order moot and the matter not arbitrable. In the absence of such, SDS was forced to proceed with the arbitration and the Order.

Plaintiff Forero opted not to voluntarily dismiss his claims with prejudice. Now, nearly a year and a half since the Order's issuance and nine months since the arbitrator made his findings, Plaintiff Forero cannot seek to avoid those fees, especially on the record currently before the Court.

---

Therefore[,] [Plaintiff Forero] shall reimburse [SDS] the sum of $7,010.00 representing that portion of said fees in excess of the apportioned costs previously incurred by SDS." Docket No. 81-1, Exhibit A, p. 7.

## **CONCLUSION**

SDS respectfully requests that this Honorable Court enter an Order and Judgment confirming the Arbitration Award in its entirety.

Dated:  March 5, 2018

                                       JASINSKI, P.C.

                                       _/s David F. Jasinski_____
                                       David F. Jasinski
                                       60 Park Place, 8th Floor
                                       Newark, NJ  07102
                                       Telephone:  973-824-9700
                                       Facsimile:  973-824-6061
                                       *Counsel for Defendants*