

**Rebecca Dixon**
Executive Director

www.nelp.org

**NELP National Office**
90 Broad Street
Suite 1100
New York, NY 10004
212-285-3025

**Washington, DC Office**
1350 Connecticut Ave. NW
Suite 1050
Washington, DC 20036
202-640-6520

**California Office**
2030 Addison Street
Suite 420
Berkeley, CA 94704
510-982-5945

**Washington State Office**
300 Lenora Street #357
Seattle, WA 98121
206-324-4000

August 24, 2020

<u>Via ECF</u>
Hon. Edgardo Ramos, United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, New York, NY 10007

Re: *Zambrano, et al. v. Strategic Delivery Solutions, et al.*, No. 15-cv-8410 (ER)

Dear Judge Ramos,

My office, along with Make the Road New York and Kakalec Law PLLC, are appearing for opt-in Plaintiffs Blanca Alulema & Maria Tacoaman in this matter.[1] Ms. Alulema and Ms. Tacoaman worked for Defendant Strategic Delivery Solutions LLC ("SDS") making deliveries to New York City area pharmacies. Both were misclassified as independent contractors although they were in fact employees of SDS. They were not paid overtime and incurred significant unreimbursed expenses, and opted into this action to recover their unpaid wages and damages.

We respectfully request a pre-motion conference so that Ms. Alulema and Ms. Tacoaman may seek leave to move to (1) lift the Court's stay of this action and proceed with their claims before this Court, and (2) file an Amended Complaint.

## I.     Background

On September 22, 2016, the Court ordered the named Plaintiffs in this case, Christian Zambrano, Luz Durango, Moira Riveros, and Rigoberto Romero ("Lead Plaintiffs"), to arbitrate their Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against SDS and the individual Defendants. The Court found SDS's arbitration requirements were valid under the Federal Arbitration Act ("FAA") or—in the event Lead Plaintiffs were exempt from the FAA—under New York arbitration law. *See Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410 (ER), 2016 WL 5339552, at *4–9 (S.D.N.Y. Sept. 22, 2016).

The Court stayed this action pending arbitration of Lead Plaintiffs' claims before the American Arbitration Association ("AAA"). *Id.* at *10. Defendants did not then move to compel arbitration of Ms. Alulema or Ms. Tacoaman's claims. Neither should be required to arbitrate.

## II.    The Stay Should be Lifted and Ms. Alulema and Ms. Tacoaman Should be Permitted to Proceed in Court Rather Than in Arbitration.

### A.  The FAA Does Not Apply to Ms. Alulema and Ms. Tacoaman's Vendor Agreements.

Ms. Alulema and Ms. Tacoaman seek leave to move to allow this action to proceed, and to proceed in this Court rather than in arbitration.

---

[1] We filed a stipulation substituting NELP as counsel of record for Ms. Alulema and Ms. Tacoaman, replacing Slater Slater Schulman LLP. Co-counsel's notices of appearances are forthcoming.



Defendants previously conceded and this Court held that the Lead Plaintiffs were transportation workers engaged in interstate commerce. *See Zambrano*, 2016 WL 5339552, at *3. Defendants instead argued that because Plaintiffs were independent contractors, they did not fall within the Section 1 exemption. *See id.* at *3–4. But on January 15, 2019, the U.S. Supreme Court unanimously held that (1) courts, not arbitrators, must determine whether "[9 U.S.C.] § 1's 'contracts of employment' exclusion applies before ordering arbitration[;]" and (2) "the term 'contracts of employment' refer[s] to agreements to perform work," regardless of how a worker is classified. *New Prime v. Oliveira*, 139 S. Ct. 532, 537, 543–44 (2019).

Because Ms. Alulema and Ms. Tacoaman fall within the Section 1 exemption and the FAA does not apply to their Vendor Agreements, they should be allowed to proceed in this Court.[2]

**B.     The Vendor Agreement's Arbitration Choice-of-Law Provision Should be Enforced.**

The Court previously held that even if the FAA did not apply, Lead Plaintiffs' arbitration requirements were enforceable under New York arbitration law. *Zambrano I*, 2016 WL 5339552, at *4, *9. But the Court did not address whether the arbitration choice-of-law provision should be enforced. Ms. Alulema and Ms. Tacoaman intend to argue that the arbitration choice-of-law provision should be enforced, and accordingly this action should proceed in this Court.

The Vendor Agreement contains a general choice-of-law provision stating that the "laws of the state of residence of the Vendor . . . shall govern this Agreement[,]" Agrmt. § 19(a); and an arbitration choice-of-law provision providing that "The parties agree to comply and be bound by The Federal Arbitration Act," *id.* § 20(a). Under the arbitration choice-of-law provision, the arbitration section is to be construed under the FAA alone—not under state arbitration law.[3] Because the FAA does not apply to the Vendor Agreements, these Plaintiffs argue that they are not required to arbitrate their disputes.

**C.     Under New York Law, the Arbitration Requirements Here are Unenforceable.**

The claims of Ms. Alulema and Ms. Tacoaman should be able to proceed in this Court for a third reason. Even if the Court finds New York law may be applied here, the arbitration requirements are unenforceable. In New York, arbitration requirements not governed by the FAA "are unenforceable where substantive rights, embodied by statute, express a strong public policy which must be judicially enforced." *Wertheim & Co. v. Halpert*, 48 N.Y.2d 681, 683 (1979), *abrogated in cases governed by the FAA*, *Fletcher v. Kidder, Peabody & Co.*, 81 N.Y.2d 623, 629 (1993). While New York has a strong policy "favoring arbitration agreements[,]" it has an "equally strong policy requiring the invalidation of such agreements when they contain terms that could preclude a litigant from vindicating his/her statutory rights in the arbitral forum." *Brady v. Williams Capital Group*, 14 N.Y.3d 459, 467 (2010).

---

[2] Ms. Alulema and Ms. Tacoaman do not have copies of Vendor Agreements they may have signed, but we assume *arguendo* that they were required to sign, and did sign, Agreements similar those signed by Lead Plaintiffs. *See, e.g.*, Vendor Agreement of Luz Durango, annexed as Ex. A to Decl. of Kimberly Edick (hereafter, "Vendor Agreement" or "Agrmt."), filed Jan. 29, 2016, ECF No. 24.

[3] The New Jersey Supreme Court recently held that New Jersey arbitration law governed the arbitration requirements of similarly situated SDS workers if the FAA did not apply. *See Arafa v. Health Express Corp.*, Nos. A-6-19 & A-7-19, 2020 WL 3966956, at *12 (N.J. Jul. 14, 2020). But that decision, which does not bind this Court, did not consider whether a specific arbitration choice-of-law provision must be enforced according to its terms.

Multiple provisions of the requirements undermine our clients' substantive statutory rights and preclude them from vindicating their statutory rights in the arbitral forum.

- The cost-splitting provision and the provision requiring use of the AAA's Commercial Rules will result in high arbitration costs that prevent our low-paid clients from accessing the arbitral forum. Those costs are not speculative, as another opt-in plaintiff faced arbitration costs of $7,010 for a one-day hearing. *See Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410 (ER), 2018 WL 4462360, at *3 (S.D.N.Y. Sept. 17, 2018).
- The provision requiring each side to "bear their own costs including, without limitation, attorneys' fees," even if they ultimately prevail in arbitration, deprives our clients of their substantive statutory rights to recover reasonable attorney's fees and costs under both the FLSA and the NYLL, thus restricting them from pursuing their full statutory remedies.
- The clause delegating the issue of arbitrability to be determined by the arbitrator would require Ms. Alulema and Ms. Tacoaman to first arbitrate this agreement's arbitrability and incur high costs and fees—even if an arbitrator ultimately found they could proceed in court.
- The class/collective action waiver, which requires any litigation or arbitration to be "conducted and resolved on an individual basis only," deprives Ms. Alulema and Ms. Tacoaman of their substantive statutory rights to bring collective actions under the FLSA, and to bring class actions to enforce the NYLL. *See Waithaka v. Amazon.com, Inc.*, No. 19-1848, 2020 WL 4034997, at *18 (1st Cir. Jul. 17, 2020) (class waiver in arbitration requirement not subject to the FAA invalid as contrary to Massachusetts public policy).

Under New York law, these terms require invalidation of the entire arbitration requirement. *See Brady*, 14 N.Y.3d at 467; *see also Waithaka*, 2020 WL 4034997, at *17 ("Notwithstanding the Supreme Court's view that such state policies must give way when the FAA governs a dispute, the policies remain intact where, as here, the FAA does not preempt state law.") (citation omitted).

### III.   Ms. Alulema and Ms. Tacoaman Should Be Permitted to Amend Their Complaint.

A plaintiff may amend her complaint with a court's leave, which should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Our clients never had the opportunity to file their own complaint before a stay was ordered. As they now seek leave to proceed in this Court, they would move to file an amended complaint, on their own behalf, and to add claims under the NYLL.[4] These claims arise out of the same conduct described in Lead Plaintiffs' original pleadings. As their claims have been stayed pending arbitration of Lead Plaintiffs' claims, this amendment would be timely.

We thank the Court for its attention to this matter.

Respectfully submitted,

Hugh Baran
National Employment Law Project

---

[4] It is our understanding that there were previously settlement discussions with Defendants in this case. To the extent that any settlement offer remains outstanding, our clients reject that offer.