November 12, 2019

Ann Lesser
Vice President - Labor, Employment, and Elections
American Arbitration Association
120 Broadway, Floor 21
New York, NY 10271

      Re:    Request for Information Regarding Arbitration of Employment-Related Claims

Dear Ms. Lesser,

      We have learned that workers in our States and the District of Columbia (collectively, the "States") have encountered several obstacles while attempting to arbitrate employment-related claims through the American Arbitration Association ("AAA"). As State Attorneys General, our offices enforce consumer protection laws, and many of us enforce federal, state, and local laws that protect workers' economic security, health, and safety. We also have an interest in the information requested as the chief law enforcement officers of States with laws that regulate arbitration organizations, which in some of our States include disclosure and publication requirements, such as District of Columbia Code § 16-4330 and California Code of Civil Procedure § 1281.96.

      We are writing to bring to your attention the issues that we understand workers are facing when attempting to arbitrate employment-related claims through AAA, and to request your assistance in helping us better understand both the scope and cause of these issues. Specifically, we are seeking more information regarding the following issues:

      1.    **Employer Non-Payment of Filing Fees**. We understand that AAA has promulgated a set of rules that govern arbitrations involving employment-related claims (the "Employment Arbitration Rules"), which include an Employment/Workplace Fee Schedule that sets out filing fees for both the employee and the employer.[1] It is our understanding that these fees must be paid to commence the arbitration. We have learned that in circumstances where an employee makes an arbitration demand through AAA and pays the filing fee—but the employer does not—the arbitration process is not commenced. In this circumstance, there is apparently no clear recourse for the employee to proceed in the arbitration process or otherwise compel their employer to participate in the proceeding, other than a costly legal action. Whether the employer's failure to pay is intentional or not, we are concerned that an employee who is bound to arbitrate employment-related claims with their employer may be unable to resolve their claims in this event.

---

[1] *See* AAA Employment Arbitration Rules, *available at*
https://www.adr.org/sites/default/files/EmploymentRules_Web2119.pdf;
AAA Employment/Workplace Fee Schedule, *available at*
https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19.pdf

2. **Arbitrator Compensation Cost-Sharing Under Employment Arbitration Rules**. In addition to filing fees, the Employment/Workplace Fee Schedule also sets forth the mechanism for paying the arbitrator's compensation. The Employment/Workplace Fee Schedule provides that the employer "shall pay the arbitrator's compensation unless the employee or individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation . . . and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous."[2] We have learned that, notwithstanding this provision, some AAA arbitrators have ruled that claimant-workers must share costs and fees of arbitration with respondent-employers regarding employment-related claims pursuant to agreements entered into between the parties pre-dispute. We are concerned that this practice may discourage workers in our States from proceeding through the arbitration process by imposing significant costs that conflict with the provisions of the Employment/Workplace Fee Schedule.

3. **Application of Commercial Arbitration Rules to Employment-Related Claims Filed by Independent Contractors**. We understand that AAA has also promulgated a set of rules that govern arbitrations involving business-to-business claims (the "Commercial Arbitration Rules"), which include a Commercial Fee Schedule.[3] Consistent with the nature of business-to-business claims, the filing fees and cost-sharing rules under the Commercial Fee Schedule are substantially higher than those set out for employees in the Employment/Workplace Fee Schedule. In today's labor market, however, there are occasions where, due to various factors, an employer will classify a worker as an "independent contractor" rather than an "employee." It is thus common for workers classified as independent contractors to raise employment-related claims, such as those involving wage-and-hour issues, workplace conditions, or challenges relating to employment misclassification. The Commercial Arbitration Rules recognize that independent contractors may raise employment-related claims with employers, and provide that "[b]eginning October 1, 2017, AAA will apply the Employment Fee Schedule to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements."[4] Notwithstanding this language, we have learned of instances where AAA arbitrators have applied the Commercial Fee Schedule to workers classified as independent contractors seeking to arbitrate employment-related claims. Again, we are concerned that this deviation from AAA rules imposes significant costs that may discourage workers in our States from proceeding through the arbitration process to pursue employment-related claims.

---

[2] AAA Employment/Workplace Fee Schedule at 2 (emphasis added).

[3] *See* AAA Commercial Arbitration Rules, *available at* https://www.adr.org/sites/default/files/CommercialRules_Web_FINAL_1.pdf; AAA Commercial Arbitration Rules Fee Schedule, *available at* https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf

[4] *See* AAA Commercial Arbitration Rules at 10 n.1.

We are concerned about the extent to which these barriers prevent workers in our States from fairly and expeditiously resolving employment-related claims through AAA. This is particularly concerning given the significant number of workers who are subject to mandatory arbitration—one recent survey conducted in 2017 found that over half (53%) of nonunion private-sector employers had adopted mandatory arbitration procedures for employment-related claims.[5] As States Attorneys General, we have a common interest in ensuring that workers in our States who are bound to arbitrate employment-related claims are actually able to do so in an impartial and timely manner.

To better understand these issues, we request the following information relating to AAA's policies and to the practices discussed above:

**Requests for Information**

1. In the event a claimant-worker makes an arbitration demand for an employment-related claim and pays the claimant filing fee, can the arbitration proceed if the respondent-employer fails to pay the employer filing fee? If not, what recourse does the claimant-worker have to resolve their arbitration demand, other than a costly legal action?

2. What is the process, if any, by which AAA terminates or suspends an arbitration proceeding due to a respondent-employer's failure to pay the employer filing fee?

3. In the event a claimant-worker's arbitration demand is terminated or unable to proceed due to the respondent-employer's non-payment of the employer filing fee, does AAA provide any recourse to reimburse the claimant-worker's payment of the claimant filing fee? If so, please describe this process.

4. As set out in more detail in Issue No. 2 in this letter, AAA has promulgated an Employment/Workplace Fee Schedule that includes provisions relating to arbitrator compensation cost-sharing. Is this provision binding on AAA arbitrators? In the event a AAA arbitrator deviates from this provision, what recourse is available to arbitrating parties to enforce this provision?

5. As set out in more detail in Issue No. 3 in this letter, AAA has promulgated Commercial Arbitration Rules that provide AAA will apply the Employment/Workplace Fee Schedule toward employment-related claims raised by workers classified as independent contractors. Is this provision binding on AAA arbitrators? In the event a AAA arbitrator deviates from this provision, what recourse is available to arbitrating parties to enforce this provision?

6. Is AAA taking any action to address any of the issues discussed in this letter? If yes, please describe steps and measures taken by AAA.

---

[5] Alexander J.S. Colvin, *The Growing Use of Mandatory Arbitration*, Economic Policy Institute (2018), *available at* https://www.epi.org/files/pdf/144131.pdf

**Requests for Documents**

1. All documents by which AAA promulgates rules, maintains policies, or provides guidance relating to the payment or non-payment of filing fees in employment-related arbitration claims filed with AAA.

2. Documents sufficient to identify all employment-related arbitration claims that have been suspended or terminated by AAA due to the respondent-employer's failure to pay the employer filing fee. This identification should include, at a minimum, (i) whether the claimant-worker's annual wage fell below or exceeded $100,000; (ii) whether the claimant-worker was represented by an attorney and, if so, identifying information for that attorney; (iii) the name(s) of the respondent-employer; (iv) the date AAA received the demand for arbitration; (v) whether AAA suspended or terminated the arbitration; and (vi) the date AAA suspended or terminated the arbitration.

3. All documents by which AAA promulgates rules, maintains policies, or provides guidance relating to the cost sharing of arbitrator compensation between arbitrating parties in employment-related arbitration claims filed with AAA.

4. Documents sufficient to identify all employment-related arbitration claims where a AAA arbitrator has required any share of the arbitrator's compensation to be borne by the claimant-worker absent a determination that such cost-sharing was agreed upon by the arbitrating parties post-dispute, the claim was filed for purposes of harassment, or the claim was patently frivolous. This identification should include, at a minimum, (i) whether the claimant-worker's annual wage fell below or exceeded $100,000; (ii) whether the claimant-worker was represented by an attorney and, if so, identifying information for that attorney; (iii) the name(s) of the respondent-employer; (iv) the date AAA received the demand for arbitration; (v) the name of the arbitrator, the arbitrator's fee for the case, and the percentage of the arbitrator's fee allocated to each party; and (vi) the date and disposition of the dispute, including the amount of the award and any relief granted, if any.

5. All documents by which AAA promulgates rules, maintains policies, or provides guidance relating to the relevant fee schedule to be applied to employment-related arbitration claims filed by workers classified as independent contractors.

6. Documents sufficient to identify all employment-related arbitration claims filed by workers classified as independent contractors. This identification should include, at a minimum, (i) whether the claimant-worker's annual wage fell below or exceeded $100,000; (ii) whether the claimant-worker was represented by an attorney and, if so, identifying information for that attorney; (iii) the name(s) of the respondent-employer; (iv) the date AAA received the demand for arbitration; (v) the name of the arbitrator, the arbitrator's fee for the case, and the percentage of the arbitrator's fee allocated to each party; (vi) the date and disposition of the dispute, including the amount of the award and any relief granted, if any; and (vii) whether the arbitration is/was subject to the Employment Arbitration Rules and Fee Schedule or the Commercial Arbitration Rules and Fee Schedule.

These requests for information and documents encompass the time period from January 1, 2017 through the present. We request that you provide your responses on or before December 16, 2019.

Please provide all responsive documents to the Office of the Attorney General for the District of Columbia, Attention: Randolph Chen and Alacoque Hinga Nevitt, Assistant Attorneys General, Public Advocacy Division, 441 Fourth Street N.W., Suite 630S, Washington, D.C. 20001. Written communications may be sent via email to randolph.chen@dc.gov and alacoque.nevitt@dc.gov.

Please let us know if you have any questions and thank you in advance for your prompt attention to this matter.

Sincerely,

Karl A. Racine
Attorney General for the District of Columbia

Xavier Becerra
California Attorney General

Philip Weiser
Colorado Attorney General

Kwame Raoul
Illinois Attorney General

Brian Frosh
Maryland Attorney General

Maura Healey
Massachusetts Attorney General

Keith Ellison
Minnesota Attorney General

Gurbir S. Grewal
Attorney General of New Jersey

*Letitia James*
Letitia James
New York Attorney General

*Josh Shapiro*
Josh Shapiro
Attorney General
Commonwealth of Pennsylvania

*Thomas J. Donovan, Jr.*
Thomas J. Donovan, Jr.
Vermont Attorney General

*Bob Ferguson*
Bob Ferguson
Washington State Attorney General