

Patricia Kakalec
Patricia@KakalecLaw.com

November 21,  2025

<u>By ECF</u>

The Hon. Edgardo Ramos, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:    *Zambrano, et al. v. Strategic Delivery Solutions, et al.*, No. 15-cv-8410 (ER)

Dear Judge Ramos:

Our office, along with Make the Road New York and Katz Banks Kumin, represents Plaintiffs Blanca Alulema and Maria Tacoaman and additional opt-in Plaintiffs (jointly, "Plaintiffs") in the above-referenced action.

We write together with counsel for Defendants seeking the Court's intervention on several discovery matters, some of which pertain to the parties' differing interpretations of the Court's directions during the July 23, 2025, conference in this case.  The parties have met and conferred on these issues multiple times but have not been able to resolve their disagreements.

The issues are as follows:

I.    <u>Selection of Sample Plaintiffs for depositions</u>

*Plaintiffs' position*

As the Court is aware, in this case – which is both a putative class action and an opt-in collective action under the Fair Labor Standards Act – the parties are proceeding with discovery on the FLSA claim based upon an 80-member Sample of the more than 750 total opt-ins.  During the July 23rd conference, the issue of the number of depositions which should take place was discussed and the Court determined that, at this juncture, Defendants should be permitted to go forward with 36 depositions, subject to Plaintiffs' returning to the Court after 24 depositions are taken to argue that no more should be taken.

The issue we bring to the Court now is who should select the  Sample plaintiffs to be deposed.  We believe the Court contemplated that Plaintiffs would select half of the Sample Plaintiffs to be deposed.  Defendants contend that they should be able to select all of the deponents.

<strong>Kakalec Law PLLC</strong>
80 Broad Street, New York, NY 10004
(212) 705-8730; (646) 759-1587 (fax)
www.KakalecLaw.com

The following are relevant exchanges during the conference:

Mr. Jasinski:  And so from our perspective if you are going to find that the number [of depositions taken] be 36 or half, I think we should be able to just identify those 36.

The Court:  No, I'm not going to let you do that I don't think.  (July 23, 2025 Transcript ("Tr.") at 18.)

The Court:  If [Mr. Jasinski] has 12 [deponents] of a particular category, he does the first five or six and determines, I think I've done enough. Then you can come back and say, you know, we can do fewer, or you can agree that you can do fewer.  (Tr. at 19.)

The Court:  Mr. Baran, you can come back to me after you've deposed 24 and say, look at the questions. Look at the answers. They're uniform. There's a great deal of consistency. Please stop it now. And if that's the case, I'll likely stop it then, but let's go forward in this manner.  (Tr. at 23.)

At the outset, the Court rejected Defendants' proposal that Defendants be able to identify all of the deponents.  This is consistent with the Court's "split the baby" approach to discovery disputes, generally.  (Tr. at 13.)  The Court later posed a hypothetical in which Defendants would "ha[ve] 12 [deponents] of a particular category," which is half the number of depositions after which the Court told Plaintiffs they could return to argue no more are necessary, and seems to suggest the Court contemplated each party's selecting half of the deponents.

A ruling that Plaintiffs and Defendants each select half of the deponents also is consistent with the Court's prior ruling that Plaintiffs and Defendants each select 40 members of the 80-person Sample.  Even assuming Defendants were correct that they would be entitled to depose all 80 members of the Sample, 40 of those deponents would have been selected by Plaintiffs. Permitting Plaintiffs to select half of this smaller group of deponents is no different.

For these reasons, we ask that the Court direct Defendants to allow Plaintiffs to select half of the deponents.

*Defendants' position*

During the July 23, 2025 conference, the Court expressly stated that Defendants can conduct the depositions of **36** Sample Plaintiffs, which include 12 master contractors, 12 subcontractors and 12 independent contractors. The Court also advised that the parties could request to conduct additional Sample Plaintiff depositions if necessary.  T. 13:20-14:23.

 Defendants contend that they should be able to select the 36 Sample Plaintiffs to be deposed. Fed. R. Civ. P. 30 provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court." The Rule's plain text vests in the noticing party the discretion to decide which persons to depose. Since these depositions are being noticed by Defendants,

Defendants should be able to determine who out of the 80 Sample Plaintiffs will be deposed. Numerous district courts have allowed the defendants to choose the opt-ins who will be deposed. See Lloyd v. J.P. Morgan Chase & Co., 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) ("If defendants wish to select unilaterally the opt-ins to be deposed, they may do so."); Goodman v. Burlington Coat Factory Warehouse Corp., 292 F.R.D. 230 (D.N.J. Aug. 15, 2013) (ordering that "Defendants may select the plaintiffs it wants to depose in its sole discretion," which is "[c]onsistent with the Court's reluctance to impinge on defendants' defense strategy."); Bonds v. GMS Mine Repair & Maintenance, Inc., No. 2:13-cv-1217, 2014 WL 6682475, *3 (W.D.Pa. Dec. 7, 2020) (defendant could select a representative sample to respond to written discovery and from depositions may be taken).

Plaintiffs' counsel already has direct access to all of the Sample Plaintiffs. They do not need to conduct depositions to obtain information from these individuals pertaining to their claims of misclassification against the Defendants. In contrast, the 6 depositions conducted thus far, all of which have been selected by Defendants, have been extremely beneficial to not only proving the Plaintiffs are not similarly situated, but also obtaining discovery that the Sample Plaintiffs were withholding. 2 of the Sample Plaintiffs deposed declined to answer questions pertaining to their tax returns and information contained therein on Fifth Amendment grounds. 1 Sample Plaintiff has withdrawn after his deposition was scheduled. Defendants must be given an opportunity to prove their defenses in this litigation through deposition testimony of their choosing. Defendants respectfully request the Court to order that Defendants select the 36 Sample Plaintiffs to be deposed at their sole discretion.

II.    Notice to opt-ins

*Plaintiffs' position*

At the July 23rd conference there was also a discussion of sending Court-approved notices of potential dismissal to Sample Plaintiffs who were non-responsive to written discovery, that is, Sample Plaintiffs who had not responded to counsel's communications and had not responded to any discovery directed to them. In response to the Court's ruling, Plaintiffs sent notice to the nine individuals identified during the hearing, plus four other individuals whose responses counsel believed would benefit from receiving such a notice.

Since the conference, Defendants have taken the position that Plaintiffs' counsel must send the Court-approved notice of potential dismissal to 68 Sample Plaintiffs whom Defendants deem to be deficient in their discovery responses, based on what Defendants claim is "the Court's intention to have all Sample Plaintiffs who have not provided full and complete written discovery responses to receive the notice." That is, Defendants claim that approximately 85% of the Sample Plaintiffs, nearly all of whom have responded to interrogatories and produced at least some documents or stated that no responsive documents exist, should receive the Court-approved notice.

This is not our understanding of the Court's direction during the July 23rd conference, which we understood to mean that notice should be sent to only those individuals who had been non-responsive to communications from counsel and had failed to respond to any discovery – not

those who have given a response Defendants deem sufficient.  The broader dissemination urged by Defendants should not be required.[1]

*Defendants' position*

Over 14 months ago, on August 23, 2024, Defendants propounded 4 interrogatories and 10 document requests on the 80 Sample Plaintiffs. As of the date of this correspondence, 13 Sample Plaintiffs have not produced any written discovery responses whatsoever. In addition to those 13 Sample Plaintiffs, 1 Sample Plaintiff has not provided answers to Interrogatories and 5 Sample Plaintiffs have not produced written responses to Defendants' document requests. In total, 19 Sample Plaintiffs, *i.e.*, approximately 24%,  have not fully complied with their discovery obligations. Additionally, in August 2025, over three months ago, 1 Sample Plaintiff that was selected by Plaintiffs withdrew his Consent to Sue but Plaintiffs have not selected a new Sample Plaintiff to replace him.

During the July 23, 2025 hearing, Plaintiffs' Counsel incorrectly stated that there were only 9 Sample Plaintiffs who were non-responsive to written discovery. The Court then asked the following:

COURT:               But this is non-respective **with respect to written discovery**?

MR. BARAN:        **With respect to written discovery, yes.**

COURT:               There was agreement at the beginning that 80 would give responses to written discovery?

MR. BARAN:        Yes.

T. 6:13-15 (emphasis added).

---

[1] During the conference on this issue (transcript attached), Plaintiffs' counsel stated that 62 of the Sample Plaintiffs had responded to written discovery and that counsel had tracked down updated contact information for and recently heard from an additional nine Sample Plaintiffs, leaving "the number that we're talking about as being non-responsive at nine individuals who we think are truly nonresponsive right now." T. 5:22-6:12.  The Court's immediately subsequent question sought clarification that Plaintiffs' counsel was referring to individuals who had been non-responsive to written discovery *at all*, as opposed to the deposition notices counsel had been describing immediately prior, which counsel confirmed.  T 6:13-15.

Plaintiffs' counsel then proposed, as an alternative to what Plaintiffs believed was Defendants' "intention to move to dismiss the so-far nonparticipating Sample [P]laintiffs for failure to participate," providing "*those nine people* . . . a court directed notice, and then move forward, if defendants want to move and dismiss them, they can go ahead and do that." T. 7:15-16; 7:10-13 (emphasis added).  When the Court invited Defendants to state their position on this issue, Defendants' counsel stated: "I think what Mr. Baran is suggesting is for the Court to send – get a letter sent out to these individuals, and give them X numbers of days," and offered to submit something in writing to the Court. T. 23:15-17, 23-24.  Defendants' counsel did not challenge Plaintiffs' accounting or characterization of the nonresponsive Sample Plaintiffs, let alone suggest that any Sample Plaintiffs whose discovery responses Defendants deemed deficient should receive a copy of the notice.  Defendants should not be able to make this argument now.

Later in the hearing, the Court made it clear that all Sample Plaintiffs must provide written discovery responses.

> COURT:    Let me just say because both sides have argued this now on the topic of burdensomeness on the plaintiff. **They brought it on themselves, right. They brought suit. They're required to provide discovery**. **And I certainly appreciate that it's going to be difficult for many of these folks because of the nature of the job they do and the number of hours they have to put in, but the defendants are entitled to put on a defense. And, therefore, they're entitled to take discovery, so much discovery as will allow them to effectively put forward their defense. So while I appreciate the burden that some of these plaintiffs will be put to, that's just the nature of this beast.** And it's only gonna be something less than probable 10 percent or 20 percent of them. So that argument gets you so far I'm afraid…

T. 16:17-17:6 (emphasis added).

Plaintiffs' assertion that the Court intended for the notice to be sent only to those Sample Plaintiffs who were unresponsive *to Plaintiffs' Counsel* is illogical. The Sample Plaintiffs are required to comply with all of their discovery obligations, which includes providing written responses to interrogatories and document requests, producing all documents in their possession, custody and control, and participating in depositions, if applicable. The Sample Plaintiffs cannot pick and choose which of these discovery obligations they will comply with.

Under Rules 33 and 34 of the Federal Rules of Civil Procedure, a party may serve interrogatories and document requests "on any other party." Courts have noted that plaintiffs who opt-in to an FLSA collective action have discovery obligations that they must comply with and failure to do so do can result in their dismissal. See Enriquez v. Cherry Hill Mkt. Corp., No. 10-cv-5616, 2012 WL 6641650, *2 (E.D.N.Y. Oct. 22, 2012) (dismissing the opt-in plaintiffs from an FLSA collective who failed to comply with their discovery obligations); Johnson v. Wave Comm GR LLC, No. 6:10-cv-346, 2013 WL 12137762, *2-3 (N.D.N.Y. June 6, 2013) (recommending that the dismissal from a collective action of an opt-in plaintiff who failed to comply with his discovery obligations); In re Doria/Memon Disc. Stores Wage & Hour Litig., No. 14-cv-7990, 2018 WL 1353261, *3-5 (S.D.N.Y. Mar. 15, 2018) (same); Ruiz v. Citibank, N.A., No. 10-cv-5950, 2014 WL 4635575, *3-4 (S.D.N.Y. Aug. 19, 2014) (same).

By submitting their consent to join this action, each Sample Plaintiff became a party and therefore accepted their obligation to participate in discovery. To allow a Sample Plaintiff to continue in this litigation while brazenly violating their discovery obligations would deprive Defendants of their ability to set forth a defense in this matter. Accordingly, it is respectfully requested that the Court schedule a pre-motion conference and allow Defendants to file a motion to dismiss the 19 Sample Plaintiffs from this litigation, along with such other relief the Court deems just and proper.

We thank the Court for its attention to this matter.

Respectfully submitted,

Patricia Kakalec
*Counsel for Plaintiffs*

cc:    All counsel by ECF

A pre-motion conference will be held on December 9, 2025 at 11:30 a.m., in Courtroom 619 of the United States Courthouse, 40 Foley Square, New York, NY 10007.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 313.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: November 24, 2025
New York, New York