

# MEMO ENDORSED

Patricia Kakalec
Patricia@KakalecLaw.com

March 11, 2026

<u>By ECF</u>

The Hon. Edgardo Ramos, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

> Defendants are hereby directed to respond to Plaintiffs' letter, Doc. 328, by March 17, 2025.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: March 12, 2026
> New York, New York

Re:    *Zambrano, et al. v. Strategic Delivery Solutions, et al.*, No. 15-cv-8410 (ER)

Dear Judge Ramos:

Our office, along with Make the Road New York and Katz Banks Kumin LLP, represents Plaintiffs Blanca Alulema, Maria Tacoaman, and opt-in Plaintiffs (jointly, "Plaintiffs") in the above-referenced action. We write pursuant to the Court's Individual Rules of Practice (2)(A) seeking the Court's intervention because of Defendants' repeated objection to – and refusal to respond to – Plaintiffs' interrogatory and document request which seek information about advice Defendants received from attorney(s) regarding wage and hour laws. The Court gave Plaintiffs permission to file this discovery motion at the December 19, 2025 conference.

Because Defendants have put this attorney advice at issue by asserting a "good faith" defense to Plaintiffs' claims in this action, Plaintiffs ask that the Court compel Defendants to respond to the relevant interrogatory and discovery request within two weeks of the Court's decision on this motion, and preclude Defendants from invoking attorney-client privilege in response to deposition questions about such attorney advice.

I.    <u>Defendants put attorney advice at issue in this case but have refused to respond to discovery requests concerning that advice.</u>

Defendants pleaded good faith defenses in their initial Answer to the First Amended Complaint in this case. Ans., ECF No. 253, at 31 (Seventh Affirmative Defense) and 32 (Tenth Affirmative Defense); *see* 29 U.S.C. §§ 259, 260 (laying out good faith defense under the Fair Labor Standards Act ("FLSA")). That is, Defendants claim that they had a good faith basis to believe that their actions were not unlawful. Accordingly, Plaintiffs sought discovery into the attorney advice Defendants relied upon which would afford Defendants a good faith defense.

The relevant interrogatory, No. 18, requests that Defendants:

[i]dentify all individuals consulted by Defendants regarding the legal obligations of Strategic Delivery Solutions, LLC or any other Defendant under the Fair Labor

Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and/or New Jersey Wage Payment Law. *See* Answer, ECF No. 253, at 31 (Seventh Affirmative Defense) and 32 (Tenth Affirmative Defense). This request is limited to the time period prior to the commencement of this lawsuit.

Plaintiffs served these interrogatories on Defendant Strategic Delivery Solutions ("SDS") and all three individual defendants on August 23, 2024.  In their responses, served on June 30, 2025, Defendants object that the request "seeks information protected from disclosure by the attorney client privilege and/or the work product doctrine."  SDS Response to Interrogatory No. 18; Andrew Kronick Resp. to Interrogatory No. 18 (adopting SDS's response); David Kronick Resp. to Interrogatory No. 18 (same); Mike Ruccio Resp. to Interrogatory No. 18 (same).

Plaintiffs' Request for Production No. 68 requests:

[a]ny communications between any Defendant and any attorney or law firm regarding the legal obligations of Strategic Delivery Solutions, LLC or any other Defendant under the Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and/or New Jersey Wage Payment Law, or any of the statutes' accompanying regulations. *See* Answer, ECF No. 253, at 31 (Seventh Affirmative Defense) and 32 (Tenth Affirmative Defense). This request is limited to the time period prior to the commencement of this lawsuit.

This request was served on August 23, 2024.  Defendants' responses, served on January 31, 2025, state that:

Defendant objects to this document demand on the grounds that it is overly broad, unduly burdensome, seeks information not proportional to the needs of Plaintiffs' case and to the extent it seeks public information available to Plaintiffs. Defendant also objects to the extent that this document demand seeks the private information of third parties, is duplicative, seeks information protected from disclosure by the attorney client privilege and/or the work product doctrine. At this time, Defendant defers responding to this request until it files its Answer to the Second Amended Complaint, which is due on February 10, 2025. This document demand may become moot if Defendant withdraws these affirmative defenses.

*See* Resp. to RFP No. 68; Andrew Kronick Response to RFP No. 68 (adopting SDS's response); David Kronick Resp. to RFP No. 68 (same); Mike Ruccio Resp. to RFP No. 68 (same).

Plaintiffs addressed Defendants' objections during meet and confer sessions on October 17 and 25, 2024. During those sessions, Plaintiffs explained their position that Defendants had waived any attorney-client privilege with respect to their good faith affirmative defenses. Defendants agreed to review the issue and inform Plaintiffs whether they would respond to Interrogatory No. 18 and RFP No. 68. By letter of December 16, 2024, Plaintiffs reiterated that Defendants had waived their attorney-client privilege by asserting good faith defenses in their

Answer and cited case law in support of that position. Defendants did not respond to Plaintiffs' letter and did not respond to Interrogatory No. 18 or RFP No. 68.

On January 17, 2025, the Court granted Plaintiffs permission to file a Second Amended Complaint, ECF No. 271, which they did on January 27, 2025, ECF No. 274. On February 10, 2025, two months after Plaintiffs' December 16, 2024 letter advising Defendants that their decision to invoke this defense was a waiver of the privilege, Defendants again raised the same good faith defenses in their Answer to Plaintiffs' Second Amended Complaint:

SEVENTH AFFIRMATIVE DEFENSE
To the extent an employment relationship is found between Defendant(s) and Plaintiffs, although such is not admitted, Plaintiffs are not entitled to any relief under the FLSA and/or state law (including but not limited to penalties, punitive damages, and/or liquidated damages) as Defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

TENTH AFFIRMATIVE DEFENSE
To the extent an employment relationship is found between Defendant(s) and Plaintiffs, although such is not admitted, their claims under the FLSA and state law are barred because Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices and enforcement policies of the respective federal and state departments of labor.

ECF No. 278 at 29 (Seventh Affirmative Defense) and 30 (Tenth Affirmative Defense) ("2d Am Answer"). In discovery conference letters dated July 14, 2025 and December 15, 2025, Plaintiffs again made their views known that this renewed assertion of the good faith defenses constituted a waiver of attorney-client privilege. Throughout that entire period, Defendants did not withdraw these defenses.

At the December 19, 2025 hearing in this case, Defendants argued that they had not waived privilege because they "never alleged in any of our discovery responses or our answer that we were relying on any advice or legal advice in any way, shape, or form, and therefore, we still consistently state that it's privileged." Tr. Dec. 19, 2025 at 54, ll.11-15. Your Honor then allowed Plaintiffs to make a motion as to Defendants' waiver of attorney client privilege by way of their assertion of good faith defenses. *Id.* at 54:22–55:5.

Since that time, Defendant SDS indicated by way of the 30(b)(6) deposition testimony of Andrew Kronick that SDS in fact conferred with counsel regarding the classification of its drivers—including after receiving a decision from the Third Department finding its drivers were misclassified for purposes of unemployment insurance. *See* January 8, 2026, 30(b)(6) Deposition of SDS, 228:20-24; 230:6-10 ("30(b)(6) Depo") (attached as Ex. A).

II.    Defendants have waived attorney-client privilege as to their asserted good faith defenses.

As an initial matter, "[t]he burden of establishing the applicability of the [attorney-client] privilege rests with the party invoking it." *Pritchard v. County of Erie (In re County of Erie),* 473 F.3d 413 at 418 (2nd Cir. 2007). The privilege is construed narrowly. *Brown v. Barnes & Noble, Inc.,* 474 F.Supp.3d 637, 648 (S.D.N.Y. 2019), *reconsideration denied*, 2020 U.S. LEXIS 38945 (S.D.N.Y. Mar. 5, 2020).

"When a defendant invokes a good faith defense, he necessarily puts the mindset of the decision maker at issue." *Brown v. Barnes & Noble, Inc.*, No. 1:16-cv-07333 (MKV) (KHP), 2020 U.S. Dist. LEXIS 155134, at *7 (S.D.N.Y. Aug. 26, 2020). Courts in this district have held that when parties raise a good faith defense, including in FLSA/wage & hour cases, they have waived the attorney-client privilege. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.,* 67 F. Supp. 3d 607, 618 (S.D.N.Y. 2014) (holding employer waived attorney-client privilege by invoking good faith defense, and ordering production of documents previously withheld on basis of privilege); *Barnes and Noble*, 474 F.Supp.3d at 653 ("a plaintiff is entitled to explore whether the defendant acted contrary to legal advice when classifying a position as exempt from overtime or minimum wage requirements. Such evidence would undermine the defense of good faith"); *Enea v. Bloomberg*, 12cv4656-GBD-FM, 2015 U.S. Dist. LEXIS 111901, at **20-21 (S.D.N.Y. Aug. 20, 2015) (by invoking 29 U.S.C. § 259 defense based on good faith reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the USDOL, defendants waived attorney/client privilege regarding its classification of employees).

Importantly, advice of counsel can be placed at issue and attorney-client privilege can be waived even when that party claims not to be explicitly relying on attorney advice. Courts in this district have "reaffirmed the broader principle that forfeiture of the [attorney-client] privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, *even without expressly invoking counsel's advice*." *Chipotle,* 67 F. Supp. 3d at 611 (emphasis added); *see also U.S. v. Bilzerian,* 926 F.2d 1285 (2nd Cir. 1991) (upholding trial court's denial of a motion *in limine* that sought to protect as privileged testimony regarding legal advice where defendant claimed to act in good faith). This is so because a party is entitled to know if the person claiming good faith was <u>ignoring</u> counsel's advice. *Chipotle*, 67 F. Supp. 3d at 611*; see also Chipotle,* 67 F. Supp. 3d at 610 ("legal advice that a party received may well demonstrate the falsity of its claim of good faith belief …"); *Okla. Firefighters Pension & Ret. Sys. v. Musk,* 22 Civ. 3026 (ALC) (GWG), 2025 U.S. Dist. LEXIS 208612, at *10-12 (S.D.N.Y. Oct 23, 2025) ("Where a party asserts that it acted in good faith, an implied waiver is routinely found."). It would be unfair to the other party to have to combat the defense "without access to pertinent privileged materials that might refute the claim." *Felder v. Warner Bros. Discovery, Inc.*, 23 Civ. No. 08487 (AT) (GS), 2025 U.S. Dist. LEXIS 117479, at *41 (S.D.N.Y. Jun. 20, 2025); *Okla. Firefighters*, 2025 U.S. Dist LEXIS 208612, at *7 (reasoning that "the attorney-client privilege cannot at once be used as a shield and a sword") (quoting *Bilzerian*, 926 F.2d 1285 at 1292 ).

Especially since SDS admitted in its deposition that it received legal advice on the issue of classification, Defendants' attempt to disavow any reliance on advice of counsel does not protect the discovery sought from disclosure. Indeed, "artful pleading cannot negate an element

of a statutory defense, especially . . . where it is evident that [the employer] did in fact have the advice of counsel on the very topic at issue." *Chipotle,* 67 F. Supp. 3d at 614. SDS's failure to "expressly invoke[e] counsel's advice" in its Answer or discovery responses does not protect any such advice from disclosure. *Id.,* 67 F. Supp. 3d at 611. Plaintiffs are entitled to discovery on the advice Defendants admitted to receiving from counsel, regardless of whether Defendants relied on it.

In their Tenth Affirmative Defense, Defendants claim they have "acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices and enforcement policies of the respective federal and state departments of labor." 2d Am Answer at 30. Despite Plaintiffs' discovery requests, Defendants have to date identified no such written rulings that they relied on. And, as noted above, SDS testified that it had conferred with counsel following written decisions of the State Department of Labor, and affirmances of such decisions by the Third Department, finding its drivers misclassified. Plaintiffs are entitled to discover these communications.

In light of the above, Plaintiffs respectfully request that the Court compel Defendants to respond to Interrogatory No. 18 and RFP No. 68 within two weeks of its decision on this motion, and prohibit Defendants from invoking attorney-client privilege in response to deposition questions related to attorney advice going to their good faith affirmative defenses. Plaintiffs also ask that they be awarded their attorneys' fees in connection with bringing the instant motion. *Brown,* 2020 U.S. Dist. Lexis 155134, at *6 (upholding award of fees for plaintiff where defendants withheld documents on the basis of privilege in FLSA Section 259 affirmative defense case).

Thank you for your ongoing attention to this matter.

Respectfully submitted,

Patricia Kakalec
*Counsel for Plaintiffs*

cc:     All counsel by ECF

5

# EXHIBIT A

# Deposition Transcript

Case Number: 15-CV-08410-ER
Date: January 8, 2026

In the matter of:

## CHRISTIAN ZAMBRANO, et al. v STRATEGIC DELIVERY SOLUTIONS, LLC., et al.

# DREW KRONICK - 30(b)(6)



**CERTIFIED COPY**

Reported by:
Amber Gabel

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO. 15-CV-08410-ER


CHRISTIAN ZAMBRANO, LUZ
DURANGO, MOIRA RIVEROS, and
RIGOBERTO ROMERO, on behalf of
themselves and all other
similarly-situated individuals,
BLANCA ALULEMA and MARIA
TACOAMAN, and 758 Additional
Opt-In Plaintiff,

                    Plaintiffs,

     -v-

STRATEGIC DELIVERY SOLUTIONS,
LLC, DAVID KRONICK, ANDREW
KRONICK, and MIKE RUCCIO,

                    Defendants.
_____/


                    DEPOSITION OF DREW KRONICK
                    PURSUANT TO FRCP 30(b)(6)


                    Thursday, January 8, 2026
                    10:00 AM - 5:13 PM


                    VIDEO ZOOM CONFERENCE




     Stenographically Reported By:
     AMBER N. GABEL, COURT REPORTER
     Notary Public, State of Florida
     STENO REPORTING
     Fort Lauderdale Office

A.    I wouldn't know that either.

Q.    Who would know?

A.    Kim Starring might have known.  I'm not sure who would have known back then.

Q.    So this decision and subsequent decisions, you said that you are -- you believe that there were conversations that were had after these decisions about the designation of drivers as independent contractors; is that right?

A.    I am sure there were conversations after this came out.

Q.    But you never changed your practices with regard to designating drivers as independent contractors; is that correct?

A.    That's correct.

Q.    Why not?

A.    That, I don't have an answer for you.

Q.    Who would know?

A.    I don't think there's anybody.

Q.    Did you consult with counsel about whether you should change your designation of drivers as independent contractors?

        MR. JASINSKI:  That would fall under attorney-client privilege.

        MR. BARAN:  It's not privileged.

MR. JASINSKI:  You just said, basically, did you talk to an attorney?  It's privileged.

MR. BARAN:  Whether you had a consultation about this issue?

MR. JASINSKI:  Yeah, yeah.  That's privileged. You're trying to get in the back door when you can't get in the front door.

MR. BARAN:  I'm not asking what you said --

(Simultaneous speakers.)

MR. JASINSKI:  How --

(Simultaneous speakers.) --

MR. BARAN:  How is it privileged?

MR. JASINSKI:  Because you brought up the subject matter.

MR. BARAN:  That's not how privileged --

MR. JASINSKI:  Yes, it does.

MR. BARAN:  I asked you -- that's not true. It's 100 percent not true.

MR. JASINSKI:  Well, I disagree with a lot of the things that you say.  But that is --

(Simultaneous speakers.)

MR. BARAN:  You allowed us to ask a question over whether he consulted with you about preparing for this deposition.

MR. JASINSKI:  No.  I asked whether you --

whether you met with -- you met.  That was there.  But you said you met discussing a specific subject.  That is privilege.

MR. BARAN:  I'll rephrase the question.

BY MR. BARAN:

Q.    Did you meet with Mr. Jasinski or other counsel about the decision to classify SDS drivers as independent contractors?

MR. JASINSKI:  Same objection.  It deals with privilege.

MR. BARAN:  Are you instructing the witness not to answer?

MR. JASINSKI:  Yes.  Yes.

MR. BARAN:  You have to actually instruct him, so.  I'll move on.  I'll ask the court reporter to mark the transcript.

MR. JASINSKI:  It's 5:07.  If you're moving on to another subject, we're going to break for now.

MR. BARAN:  Yeah.  I think we're going to break for now.  I appreciate all of your time today, Mr. Kronick.  We're obviously holding this deposition open because there's many, many documents that have not been provided.

MR. JASINSKI:  There's not been many, many documents that have not been provided.  There are